THE CITY AND SUBURBAN RAILWAY COMPANY OF SAVANNAH *vs.* THE MAYOR, ETC. OF SAVANNAH.

1. Under a provision in the charter of a municipal corporation giving it power "to make, ordain and establish such by-laws, ordinances, rules and regulations as shall appear to them requisite and necessary for the security, welfare and convenience of the said city and its inhabitants, and for preserving health, peace and good government within the limits of the same," the municipal authorities were authorized to pass an ordinance requiring street railroad companies to keep their tracks watered so as to lay the dust, and imposing a fine for failing so to do.

2. The defendant in this case was a successor of the Savannah, Skidaway and Seaboard Railroad Company, the charter of which only granted the right to construct the road outside of the city; and an ordinance passed in 1868 gave it the power to construct and run within the city limits; and in that ordinance it was provided that "said company and its agents shall be under the same police regulations and liable to fine as other persons for violation of the ordi-

nances of the city of Savannah," which was confirmed by the General Assembly. Therefore the defendant was subject to such an ordinance by its charter.

(a.) Even if the company had not so submitted itself to the police regulations and ordinances of the city on entering it, it would be subject thereto.

3. An ordinance requiring all companies operating street-cars in the city to water their tracks so as to keep the dust laid, was not so partial and wanting in generality as to vitiate it.

November 9, 1886

Municipal Corporations. Streets and Sidewalks. Railroads. Street-Railroads. Before Judge ADAMS. Chatham Superior Court. December Term, 1885.

The municipal authorities of the city of Savannah passed an ordinance requiring that "each and every company or corporation operating any street-car line within the limits of the city of Savannah shall water their tracks so as to effectually keep the dust on the same laid," and providing a penalty for its violation. Under this ordinance, a fine was imposed on the City and Suburban Railway Co. A *certiorari* was sued out, and upon the hearing was dismissed, and the company excepted. The other facts are stated in the decision.

DENMARK & ADAMS, by brief, for plaintiff in error.

H. C. CUNNINGHAM, for defendants.

JACKSON, Chief Justice.

The police court of Savannah fined the City and Suburban Railway of Savannah, Georgia, for neglecting to water the track on which it ran through the streets of the city. The railway company sued out writ of *certiorari* to the superior court of the county of Chatham, which was dismissed by that court, and error is assigned here on its dismissal, on the ground that the ordinance authorizing the

OCTOBER TERM, 1886.     733

The City & Suburban Railway Co. of Savannah vs. The Mayor, etc. of Savannah.

fine and requiring the company to water the track, is without legal authority and void.

1. The authority given by charter to the city of Savannah is very broad. It is "to make, ordain and establish such by-laws, ordinances, rules and regulations as shall appear to them requisite and necessary for the security, welfare and convenience of the said city and its inhabitants, and for preserving health, peace and good government within the limits of the same." Surely to keep down the dust from the railway's own tracks by watering them within the city limits and on its streets, is a very requisite and necessary thing for the welfare and convenience of the inhabitants on the streets over which the road is constructed, to say nothing of its health-preserving effect. The cars constantly run ; almost every minute they pass each house on the street, and if the track be left unwatered, the dust becomes very inconvenient to those who lodge in the house, and in warm weather sit on the stoops, or open the windows. It follows that the charter of the city authorizes the ordinance.

2. Does the charter of the company forbid it, or is it inconsistent with that charter? Nothing of the sort has been exhibited to this court in this record or in the law. On the contrary, this plaintiff in error is successor to the Savannah, Skidaway and Seaboard Railroad Company, incorporated under the act of 1866. Laws of 1866, p. 130. This act only granted the right to construct the road outside the city. An ordinance of the city, passed in 1868, gave it the power to construct and run within the city limits, and in that ordinance provided "that said company and its agents shall be under the same police regulations and liable to fine as other persons for violation of the ordinances of the city of Savannah ;" and this ordinance was confirmed by the general assembly in 1868. See city code, p. 423, 424, 425 *et seq.* and acts of the legislature of 1868, p. 113. Therefore its chartered rights as successor as aforesaid, so far from militating against the legal-

ity of the ordinance before us now, obligates the company and its agents to submit to fines under it. Even if it did not so submit itself to the police regulations and ordinances of the city, on entering it, it would be subject thereto. Cooley, 5 ed. m. p. 280; 1 Dil. Mun. Corp. §142–8 and cases cited.

3. Nor do we see that the ordinance is partial and not general, so as to vitiate it. It affects alike all railways traversing the streets, and thus embraces impartially every person that runs continuously and constantly on the streets, and raises this inconvenient dust constantly when the track on which such person runs is left unwatered. Because only an artificial person does this by virtue of chartered permission to construct and use the track and run on it constantly, is no reason to show the ordinance not general. It embraces all who exercise the same right and work the same inconvenience to occupants of houses on the street. *In re* Goddard, 16 Pick. 504, 506, 510; Railroad Co. *vs.* Richmond, 96 U. S. R. 521.

So the court was right to dismiss the *certiorari*.
Judgment affirmed.