## 9504. MANSOR v. ZEMURRAY.

1. Where property is bought under an implied warranty that it is reasonably suited to the use intended, an acceptance by the purchaser waives all defects discovered by him, or which, by the exercise of ordinary care and prudence, he might have discovered, before delivery.
2. The evidence demanded the verdict directed.
DECIDED JUNE 12, 1918.

Complaint; from city court of Valdosta—Judge Cranford. January 18, 1918.

*E. K. Wilcox,* for plaintiff in error.
*Patterson & Copeland,* contra.

WADE, C. J.  This was a suit on account for an alleged balance due on the purchase-price of four carloads of bananas.  The petition contains the usual and necessary allegations for a suit on account.  The answer admits that the amount claimed has not been paid, but denies liability, for the reason that the bananas shipped were in an overripe, decayed, and unsalable condition on arrival at their destination; and alleges that the unmerchantable condition of the fruit was not caused by any act of the carrier, but was due to its overripe and decayed condition when delivered to the railroad company for shipment.  It was further pleaded that the bananas in one of the cars were improperly loaded, and that 3,139 pounds were frozen in transit, on account of gross negligence of the plaintiff in failing to place a sufficient amount of straw at the ends of the car, so as to prevent cold air (the shipment being made on March 21st, when the weather was cold) from coming into the car through certain drainage holes or outlets, and thereby coming in contact with the fruit packed over and about the holes and outlets.  The evidence in behalf of the plaintiff made out a prima facie case; whereas that introduced in behalf of the defendant disclosed that he ordered the bananas by wire, directing that they be shipped by freight, and that when the shipment arrived he immediately examined the fruit and found it to be in an overripe, decayed, and unsalable condition; that he thereupon had the car re-iced, and exercised due diligence generally in an effort to preserve the bananas until he could unload and dispose of them; that he sold the fruit as soon as possible, but realized only $93.87 for it, and in due course remitted to the plaintiff this amount, stating that he was not indebted for the balance of the purchase-price, for the reason that the bananas were overripe and unsalable.  There was also evidence from the defendant that the plaintiff was negligent in failing to protect properly the drainage holes or water outlets in one of the cars, so as to prevent the cold air from coming into the car and freezing the bananas packed over and around the holes or outlets.  There was, however, evidence that the defendant wired to the plaintiff to "keep all vents open and plugs out."  At the conclusion of the evidence the trial judge directed a verdict in favor of the plaintiff.  The defendant excepts to the overruling of his motion for a new trial, complaining that the court erred in directing the verdict.

We are constrained to hold that this complaint is without substantial merit. It will be observed that the defendant's answer admits a prima facie case, but attempts to set up an affirmative defense, based on an implied warranty that the bananas ordered were merchantable, and that he was therefore not responsible to the plaintiff for the purchase-price. The settled rule in questions of this character is that "Where property is bought under an implied warranty that it is reasonably suited to the use intended, an acceptance by the purchaser of the property waives all defects which might have been discovered by the exercise of ordinary care and prudence before delivery. *Cook* v. *Finch,* 117 *Ga.* 541 (44 S. E. 95). See also. *Hoffman* v. *Oates,* 77 *Ga.* 731; *Henderson Elevator Co.* v. *Milling Co.,* 126 *Ga.* 279, 284 (55 S. E. 50); *Brooks* v. *Camak,* 130 *Ga.* 213, 214 (60 S. E. 456). The rule is of course otherwise where property is bought under an express warranty that it will be of a particular kind and quality, the purchaser having the right to rely on the warranty and plead partial or total failure of consideration, growing out of defects discovered after acceptance, even though they would have become apparent upon an examination before delivery. So also is the rule otherwise where the defects are latent. The general rule in such cases, that whether the vendee waived an inspection, or inspected in a careless and indifferent manner, or whether he exercised ordinary care and prudence, is a question of fact to be determined by a jury, does not apply in the instant case (in which the judge directed a verdict), since the undisputed testimony of the defendant himself is that he knew of the defective condition of the fruit when received by him, but nevertheless accepted and sold it. The defendant contends, however, that it was not incumbent upon him to reject the bananas, and leave them in the hands of the carrier. This contention is wholly without merit, since the fruit was bought under an implied warranty, and the defendant should, on discovery of its defective condition, have refused to accept it, but having accepted it, with full knowledge of its unsalable condition, he can not, in the absence of fraud, set up the defense of failure of consideration. It is true that the Civil Code, § 4137, provides: "After acceptance of goods purchased, the presumption is that they are of the quality ordered, and the burden is on the buyer to prove the contrary, and partial payments with knowledge of the

defective condition will not estop the buyer from pleading partial failure of consideration." This section of the code is but a codification of the principle announced in *Atkins* v. *Cobb*, 56 *Ga.* 86 (5), 89, which was a case of *express warranty*. It has been several times held that this section relates to cases of express warranty only. See *Cook* v. *Finch*, supra; *Henderson Elevator Co.* v. *Milling Co.*, supra. The warranty in the case now under review being unquestionably an implied one, and the purchaser having accepted the bananas with full knowledge of their defective condition, the acceptance constituted a waiver of the implied warranty that the fruit would be tendered in a merchantable condition. In other words, by accepting the bananas, he must, in the absence of fraud, be deemed to have assented to their defective condition, and is concluded from subsequently questioning their condition. In such a case no implied warranty of quality survives acceptance, and the buyer can not reject the property after acceptance, or recover damages for its inferior quality. He can do nothing inconsistent with the right of rejection, without precluding the exercise of that right.

As to the other defense, set up by the plea that 3,139 pounds of bananas were improperly loaded in one of the cars, and that, due to this negligence, they froze in transit, it suffices to say that the evidence fails to show the amount of damage, and does not furnish a basis for finding any amount as damages.

The trial judge therefore did not err in directing a verdict for the plaintiff, and in thereafter overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*