### 32219.   DANIEL *et al. v.* RICH'S INCORPORATED.

DECIDED MARCH 3, 1949.   REHEARING DENIED MARCH 29, 1949.

*William A. Thomas,* for plaintiffs in error.
*David Gershon,* contra.

MacIntyre, P. J. 1. While there may have been some conflict in the evidence, the jury was authorized to find for the plaintiff for the full amount of the note sued on.

2. In special ground 2 of the motion for a new trial, as set out in the petition for certiorari, the defendants complain that the court erred in withdrawing their plea of partial failure of consideration from the jury. The undisputed evidence of the witnesses, including Mrs. Daniel herself, was that she purchased and received all of the articles charged to her except the item of the gloves and she signed the sales slip for these. There was nothing in the evidence to show that the gloves were not of the value charged as shown by the account, and when the judge of the superior court, on the hearing of the petition for certiorari, by agreement with the plaintiff, wrote off from the amount of the judgment the price of the gloves, the defendants could no longer complain. Under the evidence the item of the gloves raised the only issue as to the partial failure of consideration. While we must, of course, concede that the trial court did err in failing to charge the jury on the issue of partial failure of consideration, so

long as the item of the gloves still remained an issue for decision by the jury, yet the judge of the superior court wrote the amount of the gloves off the judgment; thus at the stage and under the conditions in which the case reaches this court, the defendants make no showing that they have been harmed by the error assigned, and it is well established that, "in order to obtain in this court a reversal of a judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury." *First National Bank* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (48 S. E. 326) ; *Boone* v. *Lord,* 38 *Ga. App.* 397 (144 S. E. 123).

3. In special ground 1 of the motion for new trial, as contained in the petition for certiorari, the defendants complain that the judge in ruling out certain testimony as irrelevant did so in such a manner as to intimate and express his opinion that the plaintiffs had proved its case and could recover.

Upon examination of this ground, it does not appear that counsel for the defendants made any objection at the time of such ruling or during the progress of the trial, but objected for the first time in his motion for a new trial. This ground is, therefore, defective and need not be considered. *Pulliam* v. *State,* 196 *Ga.* 782 (28 S. E. 2d, 139) ; *Daniel* v. *Etheredge,* 198 *Ga.* 191 (15), 201 (31 S. E. 2d, 181).

For the foregoing reasons the court did not err in overruling and dismissing the petition for certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*