33776. SMITH *v.* NORTHEAST GEORGIA FAIR ASS'N.

.DECIDED NOVEMBER 15, 1951. REHEARING DENIED NOVEMBER 30, 1951.

*Frank B. Stow, Robert E. Andrews,* for plaintiff.
*Kenyon, Kenyon & Gunter,* for defendant.

SUTTON, C. J. ■ Grounds 4, 5, and 7 of the motion for a new trial, complaining of remarks and questions by the court during the trial of the case, which are alleged to have been prejudicial to the movant, do not show that any objections, motions for mistrial, or other means to give the trial judge an opportunity to correct his errors, were resorted to by the movant before the verdict, and it is too late to raise such questions in the motion for a new trial. *Pulliam* v. *State,* 196 *Ga.* 782 (6, 7), 789 (28 S. E. 2d, 139); *Daniel* v. *Etheredge,* 198 *Ga.* 191 (15), 201 (31 S. E. 2d, 181); *Adler* v. *Adler,* 207 *Ga.* 394 (2), 403 (61 S. E. 2d, 824); *Daniel* v. *Rich's Inc.,* 78 *Ga. App.* 888, 890 (52 S. E. 2d, 557). These grounds raise no valid questions for consideration here.

■ Ground 6 of the motion complains of the admission of evidence over the objection of the movant, but it is not indicated whose testimony is set out (*Sims* v. *Sims,* 131 *Ga.* 262, 62 S. E. 192; *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 714, 145 S. E. 486; *Southern Loan &c. Co.* v. *State,* 68 *Ga. App.* 75, 80, 22 S. E. 2d, 108); nor is it shown what objection was made to the admission of the evidence on the trial (*Noll* v. *Nolan,* 135 *Ga.* 712, 70 S. E. 577; *Luke* v. *State,* 183 *Ga.* 302, 188 S. E. 542; *Brown* v. *Mayor &c. of Athens,* 47 *Ga. App.* 820 (1), 171 S. E. 730). Consequently, this ground is insufficient.

■ The movant argues in his brief in this court that, in considering special grounds 8, 9, 10, and 14 of his motion, "it is necessary to review the evidence presented upon the trial of the
■

case." But the substance of the evidence and the pleadings raising the "issues involved," upon which the trial court is said to have failed to charge the applicable law, is not set out in the motion, except that it is alleged in ground 8 that the plaintiff introduced in evidence an unconditional bill of sale from the defendant to him, the execution and delivery of which were admitted by the defendant, and this, it is contended, required the trial judge to charge the law of implied warranty. It was not averred in this ground that the trial judge failed to cover this point in his general charge, and the record shows that he did so, although stating the principle in terms of the plaintiff's pleadings, which was not erroneous, against the plaintiff. *Woodbridge* v. *Drought,* 118 *Ga.* 671. (6) (45 S. E. 266); *Rome Ry. &c. Co.* v. *King,* 33 *Ga. App.* 383, 387 (126 S. E. 294). It was not error to overrule ground 8. No error is shown by grounds 9, 10, and 14 of the motion.

■ Error is assigned in ground 11 of the motion on the following portion of the judge's charge to the jury: "The defendant in this case has introduced certain documentary evidence and with reference to that before I get to that though—they contend that the cow was not reasonably suited for the purpose intended." It is contended that the jury was led to believe that the defendant had introduced certain documentary evidence, although it did not introduce any such evidence. The documents introduced by the plaintiff at the trial were marked as the plaintiff's exhibits, and were the bill of sale for the cow and the plaintiff's check given for the cow. This was merely an inapt statement by the court, and no harmful error is shown on account of such statement.

This ground also complains that the last portion of the excerpt, "They contend that the cow was not reasonably suited for the purpose intended," was error because it was impossible for the jury to determine whether the court was referring to the plaintiff or to the defendant. However, the court stated, as a part of the same sentence and immediately following the excerpt quoted, "He contends that the cow was sick at the time he bought him." This restatement of the same contention was sufficient by way of correction to show the jury that it was the

plaintiff's contention to which the court was referring. Ground 11 of the motion shows no error.

■ It is contended in ground 12 that the court erred in charging the jury: "If you find the cow was sick at the time he purchased it, he would have a cause of action against somebody. I will go into that more fully, whether he's got a cause of action against this defendant." The movant contends that this amounted to an expression of opinion by the court as to whether or not the plaintiff had a cause of action against the defendant. "Cause of action," while usually referring to the right to maintain a suit for an alleged wrong (*Simmons* v. *Beatty*, 57 *Ga. App.* 350, 353, 195 S. E. 289), need not be confined to the law of pleading, and may also refer to the right to recover under the facts found by the jury; and this is the only meaning which the jury could have given to "cause of action" as used in the charge. We do not think that the excerpt from the charge here complained of was harmful error against the plaintiff.

■ Ground 13 also complains that the court expressed an opinion as to the merits of the plaintiff's case in charging the jury that, if they believed from the evidence in the case that the defendant did not own the cow and was only acting as agent for the owner of the cow, then the defendant would not be liable. This charge was properly conditioned on the jury's making a certain finding of fact, and was not erroneous for the reason assigned.

■ The evidence supported the verdict for the defendant. It appeared that cattle to be sold by the defendant at auction were brought by the owners to the defendant's sale barn before the auction commenced and were tagged with a number corresponding to that on the fair association's records. There was no evidence that the animals could not be readily inspected in the pens and stalls before they entered the auction ring. The plaintiff testified: That the cow was sold to him as highest bidder, after which he went to the defendant's office to complete the transaction. "I received this bill of sale at about the same time I gave the check for the cows. They were both the same transaction, on the same day, same evening. It was on Friday evening. After I purchased the cow I carried her to my farm and when I went to load the cow out here at the cow barn of the

Fair, I discovered the cow was sick, had diarrhea and the worst case I ever saw in my life. That was after I purchased the cow. I did not see the cow before she was drove into the ring. If I had saw her I would [not?] have bought her. I wouldn't have carried her down there if they had given her to me. I carried the cow to my farm and I began to give her a little medicine I thought might help her. . . After I paid for the cow and started to load her in the truck, I discovered she was sick. That was before I loaded the cow on the truck."

Where there is no express covenant of warranty, the purchaser must exercise caution in detecting defects. Code, § 96-301. "An implied warranty, arising upon the fitness of the thing sold for ordinary use, does not embrace defects discoverable by ordinary prudence and care." *Hoffman* v. *Oates*, 77 *Ga.* 701. "The law of implied warranty will not avail against patent defects, nor against latent defects which are either disclosed or are discoverable by the exercise of caution on the part of the purchaser." *Lunsford &c. Co.* v. *Malsby*, 101 *Ga.* 39, 41 (28 S. E. 496). "Implied warranty is à guaranty against loss from latent defects only." *Brooks* v. *Camak*, 130 *Ga.* 213, 214 (60 S. E. 456).

Under this rule, the jury was authorized to find that the plaintiff failed to exercise ordinary care in detecting the disease in the cow, which he immediately detected after he had made the purchase, and so to find that the defect in the cow either was patent or, if latent, was discoverable by the exercise of ordinary care.

Furthermore, it is well settled that the purchaser's acceptance of the property, bought with full knowledge of its defective condition, constitutes a waiver of the implied warranty that the property is in merchantable condition and suited for the purpose intended. *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95); *Mansor* v. *Zemurray*, 22 *Ga. App.* 441 (96 S. E. 233); *Edwards Co.* v. *Zemurray*, 27 *Ga. App.* 479 (108 S. E. 830). *Cook* v. *Finch*, supra, was an action for the price of firewood, and it was there said: "There being no express warranty that the wood sold the defendants would be dry pine, and they having accepted it without an inspection, they are precluded from pleading as a defense that the wood was in fact green pine and

not dry pine. This was manifestly a patent defect which would have been disclosed by the most casual inspection, the evidence in behalf of the defendants showing that the twigs had green straw on them. The sale was completed when the wood was delivered on the cars, the plaintiff having at that time performed everything that he had contracted to do. The fact that it was not convenient for the defendants to go down and examine the wood is no fault of plaintiff's. Having bought on an implied warranty, they took the risk, when they accepted it and ordered it shipped forward, that it would prove reasonably suited to the use intended."

In the present case, the plaintiff accepted the cow without having made an inspection before the cow was bid off by him at the auction, or before he gave his check and accepted a bill of sale for the cow. When he did inspect the cow, before he loaded her on his truck, he discovered that she was sick. In loading the cow onto his truck and carrying her to his farm from the defendant's sale barn, the plaintiff waived the defendant's implied warranty of the condition of the cow and took upon himself the risk that the cow might later die rather than recover from the disease.

The verdict for the defendant was supported by the evidence, and no harmful error being shown by the special grounds the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*