### 38052. HARWELL *v.* PEOPLE'S LOAN & FINANCE COMPANY.

CARLISLE, Judge. 1. "It is well settled that a judgment will not be reversed for harmless error. *Holcombe* v. *Jones,* 197 *Ga.* 825 (30 S. E. 2d 903). 'Legal error is a compound of both error and injury.' *Harrison* v. *Hester,* 160 *Ga.* 865 (129 S. E. 528). To obtain a reversal of the judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury. *First National Bank of Chattanooga* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (48 S. E. 326); *Jacobs* v. *Rittenbaum,* 193 *Ga.* 838 (20 S. E. 2d 425)." *Avary* v. *Avary,* 202 *Ga.* 22, 27 (41 S. E. 2d 314). *Daniel* v. *Rich's, Inc.,* 78 *Ga. App.* 888 (52 S. E. 2d 557); *Atlantic Coast Line R. Co.* v. *Wegner,* 90 *Ga. App.* 267, 273 (4) (83 S. E. 2d 58).

2. In order for a court to consider on an assignment of error made in a motion for a new trial, whether on the general grounds or in special grounds assigning error on the admission or exclusion of evidence or on portions of the charge of the court or on refusal of the court to charge, whether harm is shown to the complaining party, it is necessary at least to consider whether the evidence in the case demanded

the verdict rendered by the jury. If the evidence demanded the verdict so rendered, an error in charging the jury or in failing to charge the jury would be harmless. *Gulick* v. *Mulcahy*, 95 *Ga. App.* 158 (97 S. E. 2d 362); *Scales* v. *Neal*, 96 *Ga. App.* 168, 170 (2) (99 S. E. 2d 498). Consequently, in considering grounds of a motion for a new trial (except as pointed out in *Gulick* v. *Mulcahy*, supra), consideration of the evidence is essential in order to intelligently pass thereon.

3. The purported brief of evidence in this case consists of 70 pages, of which at least 20 pages are taken up with statements of objections, rulings of the court thereon, motions to rule out evidence and rulings of the court thereon, colloquies between counsel and counsel and the court, and other extraneous matter which is not properly a part of the brief of evidence. Such purported brief of the evidence does not comply with the requirements of Code § 70-305 as amended by Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446, and cannot be considered. *Brown* v. *Clarke*, 211 *Ga.* 61 (84 S. E. 2d 14); *Williamson* v. *Yakupian*, 211 *Ga.* 61 (84 S. E. 2d 15); *Hester Bennett Lumber Co.* v. *Alexander*, 211 *Ga.* 402 (86 S. E. 2d 222); *McDonald* v. *Fletcher*, 211 *Ga.* 405 (86 S. E. 2d 215); *Calhoun* v. *State*, 211 *Ga.* 819 (2) (89 S. E. 2d 197). The sole assignment of error before this court is on the judgment of the court overruling the motion for a new trial on the general grounds and on ten special grounds. Since a consideration of all of the grounds of the motion requires a consideration of the evidence, and since there is no legal brief of the evidence in this case, the record fails to show that harmful error was committed by the trial judge in overruling the grounds of the motion for a new trial, and this court must, therefore, affirm the judgment of the trial court in that regard.

*Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 25, 1960.

*Cook & Palmour, A. Cecil Palmour*, for plaintiff in error. *Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan*, contra.