38853.   GAZAWAY v. ROBERTS.

D<small>ECIDED</small> M<small>AY</small> 30, 1961.

*Walter B. Fincher*, for plaintiff in error.

*McFarland & Cooper, Martin McFarland*, contra.

JORDAN, Judge. 1. Under the plaintiff's version of the agreement, the sale was consummated upon completion of the inventory and payment to him of the agreed price, including the post-dated check. He delivered possession and control of the stock and equipment to the defendant at the time, and the title thereto passed to the defendant. The testimony of both parties indicates that a thorough inventory was taken of each item and a price agreed upon at the time of inventory of each item. The evidence authorizes a finding that the defendant participated in the counting of the articles and was present to examine them.

It also authorizes a finding that such defects as he later complained about could have easily been detected by him at the time by a proper or even cursory inspection. The law placed upon him the duty of exercising ordinary care and prudence in discovering defects in the merchandise being purchased by him. This he apparently failed to do. "Where property is bought under an implied warranty that it is reasonably suited to the use intended, an acceptance by the purchaser waives all defects discovered by him, or which, by the exercise or ordinary care and prudence, he might have discovered, before delivery." *Mansor v. Zemurray,* 22 Ga. App. 441 (1) (96 S. E. 233). "Whether the defects were patent, or whether they were such as might by the exercise of ordinary care and prudence have been discovered prior to acceptance, is generally a question for the jury. *Mound City Roofing Tile Co. v. Walker,* 33 Ga. App. 207 (2) (125 S. E. 863). A third party, presumably representing the defendant, aided in the inventory and pricing of the various items. According to the plaintiff, this party raised no objections about the merchandise or the price placed upon same. Accordingly, there was ample evidence to support a finding that this was a completed sale entered into between the parties, that the merchandise was suitable for the use intended, and that the defendant owed the plaintiff the balance due thereon. The jury having so found, the general grounds are without merit.

2. Special ground 1 complains of the court's refusal to allow in evidence that portion of the copy of the original inventory upon which certain changes and notations had been made. According to the defendant, the notations and figures were put on these sheets by his bookkeeper based on information obtained by him from other persons. Such sheets were properly not allowed in evidence upon objection that they constituted hearsay evidence, no showing being made that the notations were made in the presence of the plaintiff. The original inventory sheets, without changes, were admitted in evidence when offered by the defendant.

3. Special ground 2 complains that the court erred in not charging the jury to the effect that where there is a sale of personalty the law implies that the personalty sold is merchantable

and suited to the use intended. Upon examination of the charge, it is found that the court charged as follows:

"Gentlemen, if there is no express covenant or warranty, the purchaser must exercise caution in detecting defects. The seller, however, in all cases, unless expressly or from the nature of the transaction excepted, warrants that (1) he has a valid title and right to sell, (2) the article sold is merchantable and reasonably suited to the use intended, (3) he knows of no latent defects undisclosed. Covenants of warranty should be so construed as to require and encourage the utmost good faith of all the contracting parties." The court having so charged, this ground is without merit.

4. Special ground 3 complains of the failure of the court to instruct the jury to the effect that if they found under the evidence that the plaintiff failed to deliver all articles sold, and that if any articles sold were not suited for the use intended, and were not new articles, or articles desired by the defendant, then in such event the jury would be authorized to render a verdict finding that the plaintiff had damaged the defendant in the amount of the value of such articles, and that if such value exceeded or was equal to the amount of the post-dated check the jury would be authorized to find for the defendant, and if the jury found that such damages were less than the amount of the check the jury would be authorized to give the defendant credit on the verdict rendered. The charge to the jury clearly sets forth the contentions of the parties as shown by the petition and answer. The matters complained of in this ground merely relate to these contentions, and the court did not err in further charging thereon in the absence of a timely written request. This ground is therefore without merit.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*