39565.   WHITE et al. v. OWENS et al.

CARLISLE, Presiding Judge. 1. On the previous appearance in this court of this litigation it was held that a husband who furnishes a family purpose automobile to his wife will be liable to one riding with her who was injured as the result of her negligent operation of the automobile whether the degree of care owed by her to the passenger be merely slight care, as in the case where the one injured is a guest, or whether the degree of care is ordinary, as in those cases where the passenger is riding under a share-the-expense agreement. *Owens v. White,* 103 Ga. App. 459, 460 (119 SE2d 581). No motion for rehearing or petition for certiorari having been filed excepting to that ruling, it is the law of this case and this court will not now entertain a motion to overrule that deci-

sion. Special grounds 1, 2, 3, 5, 7 and 8 of the motion for a new trial attempt in various ways to assign error on the failure of the court to charge principles of law contrary to that ruling, and also assign error on portions of the charge as given which conform to that ruling. Those assignments of error are without merit. *Palmer v. Jackson,* 188 Ga. 336, 338 (4 SE2d 28); *Rackley v. Miller,* 200 Ga. 717, 728 (38 SE2d 404); *Jackson v. Jackson,* 209 Ga. 85, 88 (70 SE2d 592).

2. The two remaining special grounds and the general grounds of the motion for a new trial require for a consideration of the issues presented thereby a consideration of the evidence in the case. The evidence as transmitted to this court is in stenographic form and comprises some 168 pages of the record. On more than 60 of those pages appear some 57 or 58 separate statements of objections to evidence, rulings by the court, and colloquies between the court and counsel, none of which is material to a consideration of the evidence in this case. Under repeated rulings of this court, such a transcript is not in a condition which can be considered by the court, and assignments of error which require reference to the evidence will not be passed upon. Accordingly, the judgment of the trial court overruling the other grounds of the motion for a new trial will be affirmed. *Reese v. Wilder,* 94 Ga. App. 49 (93 SE2d 416); *Harwell v. People's Loan &c. Co.,* 101 Ga. App. 100 (3) (112 SE2d 800).

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

Decided June 22, 1962—Rehearing denied July 9, 1962.

*Paul W. Painter, Cook & Palmour, A. Cecil Palmour,* for plaintiffs in error.

*Langford & Stolz, G. W. Langford, Frank M. Gleason,* contra.