467 S.E.2d 558 (1996)
266 Ga. 385
KEATON
v.
A.B.C. DRUG COMPANY d/b/a Pic N' Save Drug Co.
No. S95G1911.
Supreme Court of Georgia.
March 11, 1996.
*559 Charles B. Rice, Homerville, Delman L. Minchew, Waycross, Thomas C. Chambers, *560 III, Chambers, Rice & Rogers, Homerville, for Keaton.
Forrest W. Sweat, Jr., Craig R. White, Walker & Sweat, Waycross, for A.B.C. Drug Co.
BENHAM, Chief Justice.
This appeal[1] follows the Court of Appeals' decision reversing the trial court's denial of A.B.C. Drug Company's ("ABC") motion for judgment notwithstanding the verdict. A.B.C. Drug Co. v. Monroe, 214 Ga.App. 136, 447 S.E.2d 315 (1994).
The evidence presented at trial indicated that plaintiff Marilyn Keaton entered the ABC store to purchase laundry detergent and liquid bleach. She first obtained the detergent and then proceeded to the bleach aisle where certain sizes of bottled bleach were stacked at a height above Keaton's eye-level. As Keaton reached up, grasped the handle of a half-gallon bottle of bleach and began pulling it down from the shelf, bleach splashed into her face via an unseen loose cap. As a result, Keaton suffered injuries to her eye.
Keaton sued the store, alleging negligence and breach of the implied warranty of merchantability. Specifically, Keaton alleged that ABC was negligent in storing bleach at such a high level and in improperly inspecting the area and the product to ensure that the cap was tight. Keaton further alleged that the store failed to honor its implied warranty of merchantability because bleach displayed at a dangerous height with a loose cap is not a product reasonably suited for the use intended. See O.C.G.A. § 11-2-314(2)(c). The jury entered a verdict in her favor, and the trial court denied ABC's motion for judgment notwithstanding the verdict.
The Court of Appeals reversed, holding that there was no evidence that ABC had actual or constructive knowledge of the loose cap or had superior knowledge of the improper display. The appellate court also held that any recovery based upon the implied warranty of merchantability was barred because the loose cap was a patent defect or a latent defect which Keaton could have discovered by exercising caution for her own safety. We granted certiorari to determine whether the Court of Appeals was correct in holding that the trial court should have granted ABC's motion for judgment notwithstanding the verdict. In reviewing a grant of judgment notwithstanding the verdict, we must determine whether there was some evidence supporting the jury's verdict or whether all of the evidence demanded a judgment notwithstanding the verdict. Pendley v. Pendley, 251 Ga. 30, 31(1), 302 S.E.2d 554 (1983).
1. We first address Keaton's claim that ABC breached an implied warranty of merchantability.
a) In her complaint, Keaton alleged a claim of breach of implied warranty under O.C.G.A. § 11-2-314(2)(c), asserting that the bleach container was not fit for the ordinary purposes for which it was intended. There was evidence presented at trial regarding the elements required to prove a claim under subsection (c), but also regarding the elements required to prove a claim under subsection (e), which provides a claim for breach of implied warranty if a product is defective via its container or packaging. We conclude that the jury was authorized to find that ABC, as a merchant of bleach, was required to adequately contain and package the bleach that it sold. Because bleach which spills via a loose cap is not adequately contained or packaged, a claim under subsection (e) is supported. Because we hold that the evidence presented at trial supported a claim under subsection (e), under the right for any reason theory (see Shapiro v. Lipman, 259 Ga. 85, 85, 377 S.E.2d 673 (1989)), it is unnecessary for us to review the claim under subsection (c).
b) Contrary to ABC's contentions, Keaton's claim of breach of implied warranty of merchantability is not defeated by virtue of an alleged lack of privity. Georgia law *561 establishes that in order to recover under a theory of breach of implied warranty of merchantability, a plaintiff must have privity with the seller. Cobb County School District v. MAT Factory, Inc., 215 Ga.App. 697(2)(c), 452 S.E.2d 140 (1994). The Court of Appeals has held that taking possession of merchandise with the intent to purchase it establishes such privity. Fender v. Colonial Stores, Inc., 138 Ga.App. 31, 225 S.E.2d 691 (1976). In Fender, the plaintiff had taken the item from the shelf, placed it into her basket and proceeded to the check-out station. She took the item from the basket and placed it onto the conveyor belt; at that time, the item exploded. In the instant case, Keaton grasped the handle of the bleach and began pulling it down from the shelf when the injury occurred. Keaton's actions of grasping the product and beginning to take the product from the shelf with the intent to purchase it sufficiently constituted "possession" of the product, establishing privity between Keaton and ABC. Id.
c) Keaton's claim for breach of implied warranty of merchantability is not defeated by an alleged failure to exercise care for her own safety. In construing O.C.G.A. § 11-2-314, the Court of Appeals has held that "`[t]he law of implied warranty will not avail against patent defects, nor against latent defects which are either disclosed or are discoverable by the exercise of caution on the part of the purchaser.'" Smith v. Northeast Ga. Fair Assn., 85 Ga.App. 32, 36(7), 67 S.E.2d 836 (1951). The bleach in this case was located at a height above Keaton's eye-level, and it is undisputed that the top was not off nor was there anything noticeably wrong with the bottle. Therefore, there was no patent or obvious defect. It was a jury question as to whether Keaton failed to exercise caution for her own safety (Colonial Stores v. Donovan, 115 Ga.App. 330, 154 S.E.2d 659 (1967)), and the Court of Appeals erred in concluding otherwise.
2. Next, we must consider whether the evidence was sufficient to support a jury verdict for negligence. On appeal, Keaton alleges ABC was negligent in placing the bleach at a dangerous height.
"A person who maintains a place of business to sell goods or services owes a duty to a customer using ordinary care to keep the premises in a safe condition ([O.C.G.A. § 51-3-1]) and in the exercise of this duty the merchandise must be so placed as not to cause injury to a customer exercising ordinary care." Colonial Stores, Inc. v. Donovan, 115 Ga.App. at 331(1), 154 S.E.2d 659. The jury was authorized to find that by placing a caustic substance contained in a package without some sort of leakage preventor, such as a protective wrap, at a level above the eyes of an average adult, ABC should have anticipated that in the event of a leakage, injury would result. See Colonial Stores v. Donovan, supra. Further, by placing the bleach at such a level, ABC created a high risk of injury from spilling bleach by virtue of a loose cap, and created an impediment to a person's ability to exercise caution by checking to see if the cap was loose. Clearly, had ABC placed the bleach at a level significantly below the eyes of an average adult, the risk of injury is different in type and scope from the risks presented when the bleach is placed at a higher level. Also, the ability of a plaintiff to avoid injury by exercising caution for his or her own safety is substantially heightened if the bleach is placed at a lower level.
Contrary to the Court of Appeals' determination, we conclude that the jury was authorized to find that ABC is chargeable with superior knowledge of the defect. "For [a plaintiff] to recover under a common law negligence theory, there must have been a defective condition on [defendant's] premises, which defect was the cause of [plaintiff's injury] and of which [defendant] had superior knowledge." Garnett v. Mathison, 179 Ga. App. 242(2), 345 S.E.2d 919 (1986). "Constructive knowledge of a defect, i.e., that the defendant ought to have known of the defect in the exercise of ordinary care, is sufficient to charge the defendant with liability for injuries caused by the defect." Colonial Stores, Inc. v. Donovan, 115 Ga.App. at 331, 154 S.E.2d 659; Atlanta Paper Co. v. Sigmon, 82 Ga.App. 730(2), 62 S.E.2d 363 (1950). We conclude that ABC, being a proprietor of bleach or caustic substances, is chargeable *562 with the superior knowledge that placing such substance at a dangerous height could cause severe injury.
Accordingly, we reverse the judgment of the Court of Appeals.
Judgment reversed.
All the Justices concur, except FLETCHER, P.J., who concurs specially in part and dissents in part.
FLETCHER, Presiding Justice, concurring specially in part and dissenting in part.
I concur in division 1 because a loose cap that allows bleach to spill under normal handling renders the bleach inadequately packaged and contained. Thus, Keaton has supported a claim under O.C.G.A. § 11-2-314(2)(e). Keaton has not, however, supported a claim under O.C.G.A. § 11-2-314(2)(c). Under the facts of this case, the loose cap relates solely to the packaging and does not render the bleach unfit for its ordinary purposes of cleaning and disinfecting.
While I agree that the jury's verdict in favor of Keaton may stand based on an implied warranty of merchantability claim, I cannot agree with the majority's analysis of the negligence claim. The majority focuses on the placement of the bleach on a high shelf as the dangerous condition. Even if we assume that placing a caustic substance on a high shelf is inherently dangerous, no rational basis exists for charging the store owner with greater knowledge of this dangerous condition than the average customer. Unlike Colonial Stores, Inc. v. Donovan,[1] there is no allegation here that the store owner stacked the bleach in a manner that appeared safe, yet allowed other bottles in the display to fall when one was touched. Furthermore, any can or bottle, regardless of its contents, may cause a severe injury when a customer attempts to retrieve it from a high shelf and the can or bottle slips from the hand.
The problem in this case was a loose cap that was visible to no one. The majority's suggestion that store owners now have a duty to place leakage protectors on bottles they sell is unreasonable and unwarranted. For these reasons, I respectfully dissent to division 2.
NOTES
[1] Review of this case was delayed after a writ of certiorari was granted by the automatic stay of bankruptcy, 11 U.S.C. § 362, which resulted from A.B.C.'s filing of a bankruptcy petition. The stay was modified by order of the bankruptcy court in July 1995.
[1] 115 Ga.App. 330, 154 S.E.2d 659 (1967).