A99A0898. RHODES v. K-MART CORPORATION et al.
(522 SE2d 563)

POPE, Presiding Judge.

Vivian Rhodes filed suit against K-Mart and a John Doe defendant claiming that she was injured as she was shopping at K-Mart and reached for a box containing a fan which was on a high shelf. Rhodes claimed that due to defendants' failure to inspect and secure the fan in the box, the fan fell out of the box and struck her in the head. K-Mart filed a motion for summary judgment, which the state court granted, and Rhodes appeals.

In two enumerations of error, Rhodes claims that the state court erred in granting summary judgment because genuine issues of material fact remain in the case. We agree and reverse.

The record contains the following evidence. Rhodes and her adult daughter, Adrian Chappell, went shopping at K-Mart to purchase a fan. They found the fan they wanted to buy, which was located on a high shelf. Chappell went to the customer service area to seek assistance with getting the box down. Rhodes testified that she and her daughter waited between 15 and 20 minutes for help in getting the fan down off the shelf, which Rhodes described as "too high." When no help arrived, Rhodes decided to get the fan down herself. She stated that she had to stand on her tiptoes to get the fan. As she tried to take the box off the shelf, the fan slipped out of the box and struck Rhodes on her head.

Chappell testified that the box had been sealed with tape that appeared to have been previously cut open. Chappell stated that the box was sitting lengthwise on the shelf and that the open part of the box was facing away from the aisle.

K-Mart operations manager Michael Day testified that store policy dictated that the box would have been placed on the shelf by a K-Mart employee after it arrived at the store. Day conceded that when he examined the box after the incident, the tape on the box appeared to have been pulled open. Day testified the box appeared to have been opened before arriving at the store. Day stated that if the box had arrived unsealed the receiving department should have sealed it before placing it on the store shelf.

With respect to inspection procedures at the store, Day testified that the store was inspected twice a day to ensure that merchandise was properly displayed. Day testified that the employees made sure that "every counter is straight before we leave," although the individual boxes were not inspected. Day stated that he did not know how long the box from this incident remained unsealed on the shelf. Day stated that the responsibility for maintaining the aisle on which the fan was located was the department manager's, from whom there was no testimony. There was no evidence as to how much time had passed since an inspection had been performed on the aisle on which the incident happened.

> A person who maintains a place of business to sell goods or services owes a duty to a customer using ordinary care to keep the premises in a safe condition (OCGA § 51-3-1) and in the exercise of this duty the merchandise must be so placed as not to cause injury to a customer exercising ordinary care.

(Citation and punctuation omitted.) *Keaton v. A.B.C. Drug Co.*, 266 Ga. 385, 387 (2) (467 SE2d 558) (1996). In *Keaton*, our Supreme

Court determined that the jury was authorized to conclude that A.B.C. Drug Company was negligent in placing a bleach bottle with an unsealed cap at a level above the eyes of an average adult. The court stated that "by placing the bleach at such a level, ABC created a high risk of injury from spilling bleach by virtue of a loose cap, and created an impediment to a person's ability to exercise caution by checking to see if the cap was loose." Id. The court further stated:

> had ABC placed the bleach at a level significantly below the eyes of an average adult, the risk of injury is different in type and scope from the risks presented when the bleach is placed at a higher level. Also, the ability of a plaintiff to avoid injury by exercising caution for his or her own safety is substantially heightened if the bleach is placed at a lower level.

Id. In reaching its decision, the Supreme Court concluded that ABC was chargeable with superior knowledge of the defect, stating: "Constructive knowledge of a defect, i.e., that the defendant ought to have known of the defect in the exercise of ordinary care, is sufficient to charge the defendant with liability for injuries caused by the defect." (Citations and punctuation omitted.) Id. at 387-388.

Similarly, in this case, a jury issue was created as to whether K-Mart should have anticipated that placing a previously opened box containing a fan on a high shelf would cause injury. A jury issue also exists as to whether K-Mart should have been aware of the hazardous condition. Compare *Sams v. Wal-Mart Stores*, 228 Ga. App. 314 (491 SE2d 517) (1997); *Heffernan v. Home Depot U.S.A.*, 226 Ga. App. 167 (1) (486 SE2d 51) (1997). And, as in *Keaton*, there is a factual issue as to whether by placing the box on a high shelf, K-Mart created an impediment to Rhodes' ability to exercise caution for herself. Accordingly, the state court's grant of summary judgment was erroneous. See generally *Colonial Stores v. Donovan*, 115 Ga. App. 330 (154 SE2d 659) (1967).

*Judgment reversed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 15, 1999.

*Mullis, Marshall, Lindley & Powell, Julius A. Powell, Jr., Miguel A. Garcia, Jr.*, for appellant.

*Chambless, Higdon & Carson, Marc T. Treadwell, John J. Makowski*, for appellees.