A06A0939. FREEMAN v. WAL-MART STORES, INC.
(635 SE2d 399)

RUFFIN, Chief Judge.

Marilyn Freeman filed a premises liability action against Wal-Mart Stores, Inc. after she fell and injured herself in their Warner Robins store. The trial court granted summary judgment to Wal-Mart, and Mrs. Freeman appeals. Because we conclude that a factual issue exists as to whether Wal-Mart had knowledge of the hazard over which Mrs. Freeman fell, we reverse.

When reviewing the grant of a motion for summary judgment, we evaluate the law and the evidence de novo, giving the benefit of all reasonable doubt to, and construing the evidence most favorably toward, the party opposing the motion.[1] "The routine issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety,

---

[7] See id. at 728-729.
[1] See *Gibson v. Symbion, Inc.*, 277 Ga. App. 721 (627 SE2d 84) (2006).

are generally not susceptible [to] summary adjudication, and summary judgment is granted only when the evidence is plain, palpable, and undisputed."[2]

The following facts are undisputed: Mrs. Freeman tripped and fell over a rolled-up carpet mat lying across an aisle in the produce department of the Warner Robins Wal-Mart store. This type of mat is usually placed in front of the produce bins to absorb liquids. Approximately 15 minutes before Mrs. Freeman's fall, a Wal-Mart employee had inspected the area and had seen the rolled-up mat leaning in a corner against a produce shelf, but did not remove it because he did not consider it to be in anyone's way. He did not know how the mat came to fall across the aisle.

An owner or occupier of land must exercise ordinary care to keep his premises safe for invitees.[3] In order to recover on her premises liability claim, Mrs. Freeman must demonstrate both (1) that Wal-Mart had actual or constructive knowledge of the hazard; and (2) that she lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within Wal-Mart's control.[4] The trial court granted Wal-Mart's motion for summary judgment because Mrs. Freeman failed to present evidence that Wal-Mart knew about the hazard, which it defined as "the horizontal yet-still-rolled-up carpet mat lying on Wal-Mart's floor, not a vertically positioned, rolled-up carpet mat leaning into a corner." Mrs. Freeman, on the other hand, characterizes the hazard as the unsecured, improperly placed mat, whether leaning in a corner or lying on the floor, and therefore argues that Wal-Mart did have knowledge of the hazard.

1. Mrs. Freeman argues that, even if we adopt the trial court's definition of the hazard, Wal-Mart had constructive knowledge of the mat once it had fallen across the aisle because it failed to exercise reasonable care in inspecting the premises. There are two methods to establish constructive knowledge:

> (1) by showing that a store employee was present in the immediate area and could easily have seen the [hazard] and removed it, or (2) by showing that the [hazard] had been on the floor for such a time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.[5]

---

[2] (Punctuation omitted.) *Washington v. J. D. Royer Wholesale Florist*, 275 Ga. App. 407 (620 SE2d 626) (2005).

[3] See OCGA § 51-3-1.

[4] See *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[5] *Wallace v. Wal-Mart Stores*, 272 Ga. App. 343, 345 (612 SE2d 528) (2005).

Mrs. Freeman has come forward with no evidence that a Wal-Mart employee was in the area and could have seen the rolled-up mat once it had fallen. She cannot demonstrate how long the mat was across the aisle before she fell on it. Instead, she argues that, even if a Wal-Mart employee conducted an inspection within 15 minutes before her fall and saw the rug standing up, a factual issue exists as to whether Wal-Mart exercised reasonable care in inspecting the premises. Specifically, Freeman points to the absence of any inspection logs from the time of her fall.

The cases cited by Mrs. Freeman, however, do not support her contention that the lack of an inspection log requires us to impute knowledge of the hazard to Wal-Mart. In *Murray v. Fitzgerald Convenient Centers*,[6] we held that such an inference would be drawn where the defendant store produced no evidence of inspection. *Murray* is inapplicable, however, as there was direct testimony of inspection from a Wal-Mart employee in this case. Rather, the facts here are similar to the facts in *Mallory v. Piggly Wiggly Southern*,[7] also cited by Mrs. Freeman, in which we affirmed the grant of summary judgment to the defendant store where there was testimony that the store had performed its normal inspection procedures the day the plaintiff's fall occurred. Because there were no Wal-Mart employees in the vicinity of the fallen mat, Mrs. Freeman cannot show how long the mat lay on the floor, and because an employee had inspected the area just prior to Mrs. Freeman's fall and not seen the mat across the aisle, she has not shown a genuine issue of material fact on the issue of constructive knowledge of the mat once it was lying across the aisle.[8]

2. This case turns, then, on how we characterize the hazard which caused Mrs. Freeman to fall. If we accept the trial court's definition, then summary judgment was proper, because there is no evidence that Wal-Mart knew or had reason to know that the mat had fallen across the aisle.[9] If, however, we accept Mrs. Freeman's definition, then a factual issue exists which precludes summary judgment, as there was testimony that at least one Wal-Mart employee

---

[6] 239 Ga. App. 799 (521 SE2d 915) (1999).

[7] 200 Ga. App. 428, 429-430 (1) (408 SE2d 443) (1991).

[8] See *Medders v. Kroger Co.*, 257 Ga. App. 876, 877-879 (572 SE2d 386) (2002).

[9] See *Wallace*, supra at 346-347 (" 'In cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law.' "); *Mock v. Kroger Co.*, 267 Ga. App. 1, 4 (598 SE2d 789) (2004) (summary judgment for store proper where there was no evidence that an employee created the particular hazard).

saw the mat leaning against a produce shelf, contrary to Wal-Mart's general practice.[10]

In reaching its decision, the trial court relied on *Warberg v. St. Louis Bread Co.*[11] In *Warberg*, a customer slipped and fell on a "wet floor" sign that had fallen and was lying flat on the floor of a business rather than standing in its proper upright position.[12] An employee had seen the sign standing upright on a dry floor, but had not removed it.[13] We held that the business did not have actual knowledge of the hazard because

> [t]he injury-causing hazard in this case was the "wet floor" sign lying flat on the [business's] floor, not an upright caution sign. We reject[ed] the [customer's] assertion that [an employee's] knowledge of the properly positioned sign gave the [business] actual knowledge of this hazard simply because the sign *might* be knocked over.[14]

The trial court in the present case concluded that the hazard at issue was the carpet mat *once it had fallen into the aisle*, but not while it was merely leaned against the produce shelf, even though it might be knocked down. We distinguish this case from *Warberg*, however, because in *Warberg* the object over which the customer tripped had been "properly positioned" by the business and, as such, was clearly not a hazard but intended to prevent a hazard.[15] We did not require the business to anticipate that an item which, by its very nature as a warning device, must be placed in a walkway, could be knocked down and create a hazard. In contrast, the rolled-up mat was not "properly positioned" or otherwise serving its intended purpose while leaning against a produce shelf; it was supposed to be spread out on the floor.

We have held in other cases that a factual issue existed as to whether a business knew or should have known of a hazardous condition when: a business placed an open box containing a fan on a high shelf and a customer reaching for the box was injured when the fan fell from the box and struck her;[16] a business stood a twelve-foot-long roll of linoleum on its end with no support, and it fell and injured

---

[10] Compare *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367-368 (604 SE2d 235) (2004) (summary judgment for store was proper where customer injured by boxes falling from display rack; customer presented "no evidence that the boxes were leaning or precariously positioned prior to the incident").

[11] 255 Ga. App. 352 (565 SE2d 561) (2002).

[12] See id. at 352-353.

[13] See id. at 354 (1).

[14] (Emphasis in original.) Id.

[15] Id.

[16] See *Rhodes v. K-Mart Corp.*, 240 Ga. App. 57, 58-59 (522 SE2d 563) (1999).

a customer;[17] and when a business stacked soft-drink cartons in a precarious manner, and as a customer removed one carton from the display, another fell and injured the customer.[18] In all these cases, we held that a jury must decide whether the business should have anticipated that the item as placed would cause injury.[19] And we are not persuaded by the trial court's attempt to distinguish *Parsons* on the basis that the linoleum was "unrestrained" when it fell and struck the customer, while the carpet mat was "leaned into a nook" and did not strike Mrs. Freeman — she tripped over it. In both this case and in *Parsons*, an object was stored by leaning it on one end, and it fell into the path of a customer.

Whether the risk presented by the rolled-up mat was foreseeable to Wal-Mart is thus a question for the jury.

> With reference to foreseeability of injury, the correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result.[20]

Under these circumstances, there is some evidence from which a jury might find that Wal-Mart could foresee that the rolled-up mat would be knocked over and become a tripping hazard; it was propped up against a produce shelf in an area where customers might bump into it with a cart or knock it over while shopping. We therefore conclude that a factual issue exists as to whether Wal-Mart knew or should have known of a hazardous condition when it left the rolled-up carpet mat leaning on its end in the produce department, and reverse the trial court's grant of summary judgment to Wal-Mart on this basis.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

---

[17] See *Parsons, Inc. v. Youngblood*, 105 Ga. App. 583, 585-586 (2) (125 SE2d 518) (1962).

[18] See *Colonial Stores v. Donovan*, 115 Ga. App. 330, 331 (154 SE2d 659) (1967).

[19] See *Rhodes*, supra at 59; *Colonial Stores*, supra at 332 (5); *Parsons*, supra.

[20] (Punctuation omitted.) *Wallace v. Sears, Roebuck & Co.*, 196 Ga. App. 221, 222 (396 SE2d 41) (1990) (summary judgment precluded in case where customer struck by child riding skateboard from store display in store; jury could find that store "should have anticipated that injury to its invitees from misuse by children was a probable consequence of the decision to display its skateboards loosely and should have done more to prevent the occurrence of such an injury").

DECIDED AUGUST 15, 2006.

*Davis K. Loftin, Peter A. Law, Ernest M. Moran,* for appellant.
*McLain & Merritt, Albert J. Decusati,* for appellee.