40656.   JONES v. ABRAHAM et al.

Decided April 24, 1964.

*Leiter & Leiter, Marvin O'Neal, Jr., Robert Paul Leiter,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, Edward W. Killorin, Donald O. Clark, John W. Maloof,* contra.

EBERHARDT, Judge. The question at issue here must be resolved by an interpretation of the option to lease along with its various amendments. It is well settled that unambiguous contracts are for the court to construe and a motion for summary judgment is a proper method of invoking the court's determination. *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156). In the trial court, both parties took the position that the agreements comprising the total contract were unambiguous and both requested a summary judgment in their favor. Now plaintiff insists that there were various ambiguities that should have been passed on by a jury.

We think the parties were right in the lower court and the agreements are not ambiguous. The key is found in the amendment[1] of November 29, 1962, executed by Paul Jones and Alpha Investment. This amendment clearly shows that the defendant's rights under the option agreement had been transferred to Alpha, that the lease was with Alpha, although defendants were to remain liable, and that the rental was to be $10,000 per year for the first ten years. In addition to these factors, the amendment in direct terms provides that *"Except as herein specified* the terms of [the April 26, 1962, option] . . .

---

[1]Though designated as an amendment to the option agreement, it sets out the terms of the lease and appears to be the lease agreement.

shall govern and be effective." (Emphasis added). This language shows a clear intent by the parties to change the rental from $18,000 to $10,000 per year.

In their affidavit supporting a motion for summary judgment, defendants explained that Alpha Investment was a corporation formed by them to be a party to the lease and that this was the reason they agreed to continue to be liable. This is a common business practice. Additionally, they set forth that the assignment of their lease interest February 21, 1963, was to accommodate the title company by a formal showing of the previous transfer from defendants to Alpha.

Plaintiff in his affidavit and deposition, insisted that he was "abiding by," "relying on," and "going by" the papers as they stood and did not offer additional evidence. Had plaintiff desired to produce additional matter "the time for a party opposing the motion to present relevant evidence or show satisfactory reasons for the nonproduction is at the time of the hearing on the order to show cause, and if this is not done, it is too late to complain later. *King v. Fryer*, 107 Ga. App. 715 (131 SE2d 203); *Scales v. Peevy*, 103 Ga. App. 42 (2) (118 SE2d 193); *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766, 768 (115 SE2d 374)." *Planters Rural Tel. Co-op., Inc. v. Chance*, 108 Ga. App. 146, 148 (132 SE2d 90).

The summary judgment was properly granted for the defendants.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*