## A04A1446. FEAZELL v. GREGG.
### (607 SE2d 253)

MILLER, Judge.

John D. Feazell sued Hassan Gregg for personal injuries suffered when Feazell fell in the driveway of the house he rented from Gregg. Gregg failed to answer, and Feazell obtained a default judgment against him. Gregg then moved to set aside the judgment and to open default, both of which motions the court eventually granted. After discovery, Gregg moved for summary judgment, which the court also granted. On appeal, Feazell argues that the trial court erred in setting aside the judgment, in opening the default, and in granting summary judgment to Gregg. We find no error and affirm.

Feazell's complaint alleged that he fell and was injured as a result of Gregg's negligence in leaving garage door rollers in Feazell's driveway. The summons and complaint were served on Gregg's wife at Gregg's residence. As a result of Gregg's failure to answer the complaint, the trial court entered a default judgment, setting the issue of damages for a nonjury trial. On May 2, 2002, after a bench trial on damages, the trial court entered a final verdict and judgment against Gregg in the amount of $110,000.

On May 28, 2002, Gregg filed a motion to set aside that judgment and an affidavit detailing the circumstances of service. On August 19, finding "extenuating circumstances," the trial court granted Gregg's motion, "but only as to the amount of the judgment." The trial court also held, however, that it would entertain a motion to open default "if [Gregg] can prove he has satisfied all of the requirements of OCGA § 9-11-55 (b)."

On August 26, 2002, Gregg filed a motion to open default under OCGA § 9-11-55 (b). He filed a verified answer the same day. Finding that Gregg had "satisfied all of the requirements of OCGA § 9-11-55 (b)," the trial court entered an order opening default. After discovery, Gregg filed a motion for summary judgment, which was granted. Feazell appeals from the orders setting aside the judgment, opening the default, and granting summary judgment to Gregg.

1. (a) Feazell first argues that the trial court erred when it set aside the judgment in a different term than the one in which the judgment was entered. We disagree.

When the trial court originally entered the default judgment in January 2002, it did so with the caveat that "[the] matter shall be placed on the next non-jury calendar for the issue of damages." This default judgment was therefore not a final judgment for purposes of OCGA § 9-11-55 (b). See *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337-338 (349 SE2d 223) (1986) (entry of default judgment on liability alone does not amount to final judgment for purposes of opening default). After notice to the parties, the court held the bench trial on damages on May 2, 2002, and entered its final judgment on the same day. Feazell's motion to set aside this judgment was filed on May 28, 2002, during the same term as the final judgment. See Ga. L. 1983, pp. 4332-4333 (setting out four three-month terms of court for De-Kalb *State* Court, including second term beginning on first Monday in April); compare OCGA §§ 15-6-3 (37) (setting out six two-month terms for DeKalb County *Superior* Court) and 15-7-40 (providing that state court terms may be set by local laws "as now or hereafter amended"); see also *Majia v. State*, 174 Ga. App. 432, 434 (2) (330 SE2d 171) (1985) (OCGA § 15-7-40 allows exceptions to general rule that state court terms follow those of superior courts).

It is true that "[t]he general rule is that after expiration of the term at which a judgment is entered, it is out of the power of the court to modify and revise the judgment in any matter of substance. . . ." (Footnote omitted.) *Lee v. Restaurant Mgmt. Svcs.*, 232 Ga. App. 902, 903 (1) (503 SE2d 59) (1998). "After the expiration of the term of court in which a default judgment is entered, the discretion of the court in setting aside the judgment is limited to the criteria set forth in OCGA § 9-11-60." (Footnote omitted.) *Mitchell v. Speering*, 239 Ga. App. 472, 473 (521 SE2d 419) (1999).

In this case, however, the trial court set aside the final judgment on the basis of an exception to this rule. As our Supreme Court has held, a motion to set aside *made during the term of court in which the judgment was entered* extends the court's power to modify the judgment beyond the expiration of that term, with or without notice to either party. *Ammons v. Bolick*, 233 Ga. 324, 325-326 (1) (210 SE2d 796) (1974); see also *Goode v. O'Neal, Banks & Assoc.*, 165 Ga. App. 162 (300 SE2d 191) (1983). This was true before the passage of OCGA § 9-11-55 as part of the Civil Practice Act of 1966, and remained true afterward. *Ammons*, supra, 233 Ga. at 325 (1). Thus the trial court had the power to set aside the default judgment.

Here, the sheriff's entry of service shows that the summons and complaint were served on Gregg's wife at Gregg's residence in September 2001. Gregg's wife testified that she had a "vague memory" of being given some papers at that time, but that she was distracted at the time by her nine-month-old son's open heart surgery. She had no memory of either giving her husband the papers or telling him about

them. Gregg himself testified that he had no knowledge of the lawsuit until after the entry of final judgment.

In its order setting aside the judgment, the court noted the disfavor with which the law views default judgments. After a hearing, and finding that "there are extenuating circumstances surrounding this case," the court granted Gregg's motion to set aside judgment, "but only as to the amount of the judgment." There was no abuse of discretion here. See *Tippins Bank & Trust Co. v. Atlantic Bank & Trust Co.*, 151 Ga. App. 179, 180-181 (3) (259 SE2d 179) (1979) (court has inherent power to set aside default judgment entered during same term); *Ammons*, supra, 233 Ga. at 325-326 (1).

(b) Feazell next contends that the trial court erred in opening default under OCGA § 9-11-55 (b). We disagree.

OCGA § 9-11-55 (b) provides that a trial court may open a default if four conditions and one of three grounds are met. The four conditions are: (1) a showing made under oath, (2) an offer to plead instanter, (3) an announcement of readiness to proceed to trial, and (4) the setting up of a meritorious defense. The three grounds, any one of which is sufficient to open default, are: (1) providential cause, (2) excusable neglect, and (3) a proper case. *Ford v. St. Francis Hosp.*, 227 Ga. App. 823, 824-825 (1) (490 SE2d 415) (1997).

Here, ten days after the trial court's order setting aside the judgment against him and indicating that it would entertain a motion to open default, Gregg filed a verified motion to do so, asserting that he had paid all accrued costs and was ready to proceed. This motion was made in the context of two previously filed affidavits: Gregg's own, avowing that he had no knowledge of the suit until he received a copy of the May 2, 2002 final judgment, and his wife's, which asserted that she had not known the significance of the summons and complaint at the time and had been distracted by her nine-month-old son's open heart surgery. Gregg also filed a verified answer with the motion to open default. In it, he asserted that Feazell's claim against him was baseless because he had not placed any rollers in the driveway where Feazell fell, and because he had no knowledge of any such objects ever being there. On the basis of these materials, the trial court found that Gregg "ha[d] satisfied all of the requirements of OCGA § 9-11-55 (b)," and that "this is a proper case to open default." It then granted Gregg's motion to open default. The meritorious nature of the verified answer was later confirmed when the trial court granted summary judgment in Gregg's favor.

"[D]efault judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible[,] cases should be decided on their merits[,] for default judgment is not favored in law." (Citations and punctuation omitted.) *Ford*, supra, 227 Ga. App. at 826

(1). In addition to assuring that Gregg satisfied the statutory requirements for opening default, and that the trial court did not abuse its discretion in doing so, we also consider other factors, including whether the opposing party was prejudiced by the delay and whether the defaulting party acted promptly after learning that no timely answer had been filed. Id. OCGA § 9-11-55 (b) should be liberally construed so as to promote justice and the establishment of truth. Id.

Feazell has made no showing that Gregg's delay and the opening of default made it more difficult for him to make out the merits of his case. Assuming that Gregg received a copy of the May 2, 2002 judgment some time after it was entered, he acted promptly upon learning of the default judgment when he filed a verified answer supported by affidavits on May 28. Based on the record before us, then, we cannot say that the trial court abused its discretion when it found that Gregg had satisfied the requirements of OCGA § 9-11-55 (b) and that this was a "proper case" for opening default. See *Ford*, supra, 227 Ga. App. at 826 (1) (where court does not specify, the broadest ground of "proper case" is assumed, and trial court did not abuse discretion opening default when opposing party cannot show prejudice).

2. Turning to the merits of the case, Feazell argues that the trial court erred when it granted Gregg's motion for summary judgment. On appeal from a grant or denial of summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant. *Rubin v. Cello Corp.*, 235 Ga. App. 250-251 (510 SE2d 541) (1998). If "the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the] plaintiff's case," then Gregg will prevail. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

On the morning of the accident, Feazell returned home while it was still dark. He parked his car in the street and walked up the right side of the driveway toward the front porch, carrying a bag of clothes in one hand and a musical instrument in the other. As he walked past his sister's car, he felt his knee buckle, and he fell. He did not know what caused his fall at the time. He was able to get up, and called to his sister, who helped him into the house. Shortly afterward, he went back outside and saw rollers, although they were off to one side of the driveway, not on it. His sister took photographs of the area to one side of the driveway, but as she later admitted, no rollers appear in the photographs. Both Gregg and his employee testified that Gregg did not leave the rollers in the driveway.

It is well established that slip-and-fall plaintiffs have the burden of proving both negligence and causation.

> The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

(Citations and punctuation omitted.) *Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999).

Here, Feazell's own testimony establishes that he did not see the rollers before falling and still does not know why he fell. Though his brief asserts otherwise, his *speculation* that he fell on the rollers is *not* direct evidence that he did so, let alone evidence that Gregg's negligent placement of them proximately caused his fall. *Avery*, supra, 239 Ga. App. at 644-645 (1). Feazell has provided only circumstantial evidence to support his negligence claim: (1) the photographs of the site, and (2) his sister's testimony that Gregg had failed to clean up the work site on previous days. Feazell insists that this evidence creates a genuine issue of material fact on both issues. We disagree.

To overcome direct evidence to the contrary on a motion for summary judgment, circumstantial evidence of a defendant's negligence must amount to more than "a mere conjecture." *Ken Thomas of Ga., Inc. v. Halim*, 266 Ga. App. 570, 574 (597 SE2d 615) (2004). The evidence must "in some proximate degree . . . establish the conclusion sought" as well as "render less probable all inconsistent conclusions." (Citation and punctuation omitted.) Id. In other words, Feazell's circumstantial evidence must provide the basis for a reasonable inference that Gregg created or had superior knowledge of a dangerous condition that was unknown to the plaintiff and that caused the plaintiff's injuries. See *Padilla v. Hinesville Housing Auth.*, 235 Ga. App. 409, 410 (509 SE2d 698) (1998); *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 315 (491 SE2d 517) (1997). "Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff." (Citation omitted.) *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367 (604 SE2d 235) (2004).

When he claims that "the rollers could not reasonably have come from any other source" than Gregg, Feazell is attempting to fill an evidentiary void. The undisputed evidence showed that hours separated the time when Gregg finished working on the garage door the previous evening and Feazell's return home early the following morning. Feazell's circumstantial evidence does not permit a *reasonable* inference that Gregg's purported negligence was the *proximate*

cause of Feazell's injury. See *Ken Thomas of Ga.*, supra, 266 Ga. App. at 574-575. In light of the direct testimony that Gregg did not leave the rollers in the driveway, mere circumstantial evidence of Gregg's sloppy habits, including photographs that fail to show any rollers at the accident site, does not create an issue of fact in this case.

Feazell has likewise failed to provide any proof that the rollers were under Gregg's "exclusive control" up to the moment Feazell allegedly stepped on them. Only such proof could allow him to recover under a theory of res ipsa loquitur. See *Ken Thomas of Ga.*, supra, 266 Ga. App. at 573; *Metts*, supra, 269 Ga. App. at 368, n. 1.

For all these reasons, Gregg was entitled to summary judgment. *Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 29, 2004 — 

*Robert Altman*, for appellant.

*Owen, Gleaton, Egan, Jones & Sweeney, W. Seaborn Jones, Steven Salcedo*, for appellee.