**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

November 1, 2024

# In the Court of Appeals of Georgia

A24A1036. CRIBB et al v. MOORE et al.

PIPKIN, Judge.

Appellees Timothy and Bridgette Moore sued their next door neighbors, Appellants Cathy and Vinson Cribb,[1] for negligence, res ipsa loquitur, and loss of consortium stemming from injuries that Timothy sustained while trying to rescue Vinson from a fire on Appellants' property. Appellants filed a multifaceted motion for summary judgment, which the trial court denied. Appellants filed an application for interlocutory review, which this Court granted, see Case No. A24I0113 (Feb. 9, 2024), and Appellants now appeal. For the reasons discussed below, we reverse the judgment of the trial court.

---

[1] Cathy was named individually and as administrator of Vinson's estate.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Yim v. Carr*, 349 Ga. App. 892, 893 (1) (827 SE2d 685) (2019) (quoting OCGA § 9-11-56 (c)). On appeal, "we owe no deference to the trial court's ruling[,] and we review de novo both the evidence and the trial court's legal conclusions. Moreover, we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." (Citations and punctuation omitted.) *Bryant v. Optima Intl.*, 339 Ga. App. 696, 696 (792 SE2d 489) (2016).

So viewed, the record shows that on February 20, 2019, a work shed located on Appellants' property caught fire while Vinson was inside.[2] Timothy heard Cathy's cries for help; he saw a lot of smoke emanating from Appellants' work shed, and he ran inside to try to save Vinson. Timothy's first attempt to pull Vinson from the shed was unsuccessful; he was forced to exit due to the extensive amount of smoke inside

---

[2] It is undisputed that the shed housed a variety of power tools and wood working equipment, including propane fueled and electrical equipment. The shed also contained flammable liquids and it was powered by its own electrical box.

the structure.[3] Timothy went into the shed a second time but he had to exit again because something fell on top of Vinson. After that, Timothy could not reenter the shed because the structure was too hot. Vinson died in the fire, and Timothy sustained burns on the palms of his hands and the left side of his face as a result of entering the shed. Investigators were unable to determine the cause of the fire. Appellees thereafter filed suit against their neighbors.

Following discovery, Appellants filed a motion for summary judgment arguing that because the cause of the fire was undetermined, there was no genuine issue of material fact regarding negligence, that Appellees were not entitled to rely on the rescue doctrine or the doctrine of res ipsa loquitur, and that Appellees' claims were barred by the doctrine of assumption of the risk. After a hearing, the trial court denied the motion, generally finding "that the facts in this case are in dispute and not plain and palpable," that "[t]he record shows a factual dispute on the issue of negligence as to the cause of the fire that injured [Timothy] and his attempted rescue of [Vinson]," and that "there are substantial issues of fact to be determined regarding

---

[3] While Timothy only saw smoke coming from the shed, he felt the heat of the fire once he entered the structure.

the [] affirmative defense of assumption of the risk and whether it applies to the facts of this case."

On appeal, Appellants contend that the trial court erred by denying their motion for summary judgment, arguing, as they did below, that there are no genuine issues of material fact as to negligence and Appellees are not entitled to rely on either res ipsa loquitur or the rescue doctrine. We agree. As an initial matter, the rescue doctrine requires a showing that the defendant acted negligently. See *Georgia Power Co. v. Brandreth Farms*, 364 Ga. App. 816, 826 (4) (875 SE2d 444) (2022) ("The rescue doctrine applies when the defendants' negligent acts or omissions have created a condition or situation which involves imminent and urgent peril to life and property . . . [and] those negligent acts or omissions are also negligent in relationship to all others who, in the exercise of ordinary care for their own safety under the circumstances, attempt to rescue the endangered life or property by reasonably appropriate means."). Meanwhile, in order to be entitled to the evidentiary inference of res ipsa loquitur, a plaintiff must show that the injury: (1) "is of a kind which ordinarily does not occur in the absence of someone's negligence"; (2) was "caused by an agency or instrumentality within the exclusive control of the defendant"; and

(3) was not "due to any voluntary action or contribution on the part of the plaintiff." *Family Thrift v. Birthrong*, 336 Ga. App. 601, 605 (2) (785 SE2d 547) (2016). Therefore, Appellees' entire case rests on whether they successfully put forth evidence to create a genuine issue of fact as to the negligent acts of either Vinson or someone else. Based upon the record before us, they did not, and the trial court's determination to the contrary is error.

Here, the trial court determined that there was a genuine issue of material fact "on the issue of negligence as to the cause of the fire that injured [Timothy] and his attempted rescue of [Vinson]." The record, however, does not support this conclusion. Indeed, there is no evidence as to the source of the fire, even in a general sense. There is no evidence that anyone negligently stored any equipment or products in the wood shed or that anyone handled anything in a negligent manner prior to the start of the fire. Instead, Appellees' negligence claim is based upon a pyramid of inferences and speculation as to what could have caused the fire, which is insufficient to create a genuine issue of material fact to survive summary judgment. See, e.g., *Forest Cove Apartments v. Wilson*, 333 Ga. App. 731, 737 (776 SE2d 664) (2015) ("[G]uesses or speculation which raise merely a conjecture or possibility are not

sufficient to create even an inference of fact for consideration on summary judgment.") (punctuation omitted). See also *Sawtell Partners v. Visy Recycling*, 277 Ga. App. 563, 565 (2) (627 SE2d 58) (2006) (grant of summary judgment proper where plaintiff provided no evidence that defendant caused the fire that damaged plaintiff's property); *Hospital Authority of City of St. Marys v. Eason*, 222 Ga. 536, 540 (150 SE2d 812) (1966) ("[M]ere proof that the bed was on fire, from undetermined origin, was not sufficient to invoke res ipsa loquitur."). Based on the foregoing, we conclude that the trial court erred by denying summary judgment in this case and we reverse.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur in judgment only.*