A93A1660. McELROY et al. v. CODY.
(435 SE2d 618)

BLACKBURN, Judge.

The plaintiffs-appellants commenced this action against the appellee, James Cody, seeking damages for personal injuries and the wrongful death of their father, who was struck and killed by a motor vehicle driven by an individual who had been furnished alcoholic beverage while a guest at Cody's house. The trial court granted summary judgment for Cody, and this appeal followed.

On November 2, 1989, Cody entertained a few friends at his house from mid-afternoon until shortly before midnight. During that seven or eight-hour period, Cody and his guests cooked and ate, played cards, and generally socialized. Cody provided alcoholic beverages to his guests, one of which was Porter Weaver, a former chief deputy with the Rockdale County Sheriff's Department and a former lieutenant colonel with the Georgia State Patrol.

Weaver left the gathering around 11:30 p.m., and he was next seen around 3:30 a.m. the following morning, when a Rockdale County deputy sheriff observed Weaver in his motor vehicle parked in the lot of a convenience store. The deputy sheriff had known Weaver for several years, and found him to be nervous and extremely intoxicated at this time. He also noticed that the front end of the vehicle was damaged, with fresh blood on the windshield. The deputy sheriff suspected that Weaver may have hit a deer, and checked the area for such but found nothing. He drove by the convenience store one other time before his shift ended, and Weaver remained in his vehicle.

Sometime after Weaver left Cody's house, his vehicle struck and killed the plaintiffs' father, whose body eventually was found by a road crew on November 13, 1989. In an affidavit submitted in support of his motion for summary judgment, Cody stated that Weaver had one beer and one mixed drink during the seven to eight-hour period that he was present at Cody's house. Cody further stated that when

he furnished that alcoholic beverage, Weaver was not noticeably intoxicated and showed no sign of being intoxicated, either through his speech, conduct, or otherwise, and that Weaver also was not noticeably intoxicated when he left Cody's house. There is no evidence that Weaver did or did not consume any other alcoholic beverage after he left Cody's house.

OCGA § 51-1-40 (b) provides, in part, that "[a] person . . . who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person when the sale, furnishing, or serving is the proximate cause of such injury or damage." The determinative issue presented by this appeal is whether the evidence of record demonstrated that Cody had furnished alcohol to a noticeably intoxicated Weaver.

"Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. '(I)f this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it must demand a finding of fact on the issue in favor of the plaintiff.' *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361) (1979)." *Michelin Tire Corp. v. Irving*, 185 Ga. App. 783, 784 (366 SE2d 156) (1988).

In the instant case, Cody's affidavit stating that Weaver was not in a state of noticeable intoxication during the seven to eight-hour gathering at Cody's house on November 2, 1989, and that Weaver was not noticeably intoxicated when he left the house, constituted direct and positive evidence on the determinative issue. In response to that evidence, the plaintiffs relied upon the deposition testimony of the deputy sheriff who observed and conversed with Weaver in the convenience store parking lot approximately four hours after Weaver left Cody's house. The deputy sheriff's observation that Weaver was extremely intoxicated constituted circumstantial evidence that Weaver may have been intoxicated four hours earlier, but it certainly did not demand such a finding.

"In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citation and punctuation omitted.) *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361) (1979). In the instant case, the circumstantial evidence provided by the deputy sheriff's deposition was insufficient to contradict Cody's direct and positive evidence regarding the dispositive issue of whether Weaver was noticeably intoxicated at the time Cody fur-

nished the alcoholic beverage, and the trial court thus properly granted summary judgment for Cody.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 23, 1993 —
RECONSIDERATION DENIED SEPTEMBER 9, 1993 

*Darel C. Mitchell*, for appellants.

*Swift, Currie, McGhee & Hiers, L. Bruce Hedrick, Jr.*, for appellee.