A97A1250. SAMS v. WAL-MART STORES, INC.
(491 SE2d 517)

Judge Harold R. Banke.

Audrey Sams sued Wal-Mart Stores, Inc. a/k/a Wal-Mart Discount Cities ("Wal-Mart") for personal injuries allegedly sustained in a Wal-Mart store. Sams appeals the summary judgment awarded to Wal-Mart.

Viewed in the light most favorable to Sams, the evidence was as follows.[1] While Sams and her husband were shopping in the housewares department for a popcorn popper, two boxes of cookware allegedly struck Sams from behind. Sams asserted that two heavy boxes knocked her to the floor, causing her to fall heavily on her left

---

[1] Although Wal-Mart cites to deposition testimony, we decline to consider that testimony because the appellate record does not include any depositions.

side, shoulder, hand and wrist. She claimed that her injuries were caused by the unsafe manner in which Wal-Mart stacked the boxes.

It is undisputed that no employees were present in the incident area. However, the parties dispute where and how the boxes were displayed. Sams' husband testified that although he was not able to say from which shelf the boxes fell, he watched a manager subsequently position the boxes onto a shelf about five feet high. Two store employees contradicted that claim. Housewares department manager, Cynthia Hutto, testified that the cookware boxes were stacked only two boxes high on a base shelf only six inches from the floor. According to Hutto, the merchandise had been stacked in that manner for at least three to four weeks before the incident at issue and there had been no prior problems. An assistant store manager confirmed that the cookware sets were stacked only two boxes high on the base shelf. He testified that at the time of the incident, Sams informed him only one box had struck her and that box had slipped off the lowest shelf. Hutto averred that within ten minutes of the incident, she inspected the aisle where the cookware was displayed and was not able to find any shelves that were overloaded or any boxes that had been improperly stacked. Sams appeals the grant of summary judgment to Wal-Mart. *Held*:

Sams contends that the existence of material disputed issues of fact precluded summary judgment. We disagree. In order to recover, Sams would have to prove that Wal-Mart had superior knowledge of the allegedly perilous display of the cookware. *Westbrook v. M & M Supermarkets*, 203 Ga. App. 345 (1) (416 SE2d 857) (1992). The dangerous condition must have been known to Wal-Mart, the proprietor, and unknown to Sams, the invitee, before Sams could recover. *Sarantis v. Kroger Co.*, 201 Ga. App. 552 (411 SE2d 758) (1991).

Sams made no showing that Wal-Mart was actually aware of the allegedly defective manner in which the cookware had been stacked. See *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994). Without actual knowledge, Wal-Mart could only be liable if it had constructive knowledge of the alleged danger. *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452-453 (411 SE2d 348) (1991). It is uncontested that no employee was in the immediate vicinity who could have easily noticed the alleged danger. Nor had there been any prior similar incidents to give constructive notice to Wal-Mart. Hutto testified that on a regular basis she maintained a lookout for potential hazards such as merchandise improperly stacked on shelves and that she corrected the same. Sams did not offer any evidence that the purportedly dangerous condition had existed for any appreciable amount of time. Compare *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 3 (1) (432 SE2d 230) (1993). It was Sams' burden to come forward with specific evidence that Wal-Mart's knowledge of the alleged peril was

superior. *Minor v. Super Discount Markets*, 211 Ga. App. 123, 124 (438 SE2d 384) (1993). This she failed to do.

Notwithstanding Sams' claim to the contrary, the superior knowledge analysis of *Cook*, supra, is applicable under these facts, not the doctrine of res ipsa loquitur. See *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 623-624 (2) (385 SE2d 725) (1989); *Cornelius v. Lawrence*, 203 Ga. App. 113, 114 (2) (416 SE2d 115) (1992). Negligence is not to be presumed but is a matter for affirmative proof. *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797 (388 SE2d 920) (1989). The doctrine of res ipsa loquitur should be applied with caution and only in extreme cases; and it does not apply when there is an intermediary cause which could have produced the injury. *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 99 (2) (453 SE2d 123) (1995); see *Parker v. Dailey*, 226 Ga. 643, 645 (1) (177 SE2d 44) (1970). Here, neither Sams nor her husband were able to testify from where the cookware allegedly fell or how it had been stacked prior to the incident at issue. Because the boxes were within the reach of other customers, Sams cannot show that Wal-Mart retained exclusive control over them. *Walter*, 192 Ga. App. at 623 (2). Under these facts, Sams cannot utilize res ipsa loquitur to fill the evidentiary gap. Proof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor. *Sarantis*, 201 Ga. App. 552.

Sams failed to offer evidence that Wal-Mart had superior knowledge of an allegedly defective condition on its premises. See *Cook*, 214 Ga. App. at 135 (1). Having shown the absence of an essential element of Sams' claim, Wal-Mart was entitled to summary judgment as a matter of law. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448 (1) (422 SE2d 305) (1992).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 29, 1997.

*Lane & Jarriel, Walter J. Lane, Jr.*, for appellant.
*McLain & Merritt, Albert J. Decusati, Howard M. Lessinger*, for appellee.