## A00A1930. ROBERSON v. WINN-DIXIE ATLANTA, INC.
### (544 SE2d 494)

SMITH, Presiding Judge.

Priscilla Roberson brought suit against Winn-Dixie Atlanta, Inc. to recover damages for personal injuries she incurred when she slipped and fell in a Winn-Dixie store in Decatur. The trial court granted summary judgment to Winn-Dixie, and Roberson brings this appeal. In three enumerations of error, she contends the trial court should have denied the motion for summary judgment because genuine issues of material fact remain for jury consideration, particularly as to Winn-Dixie's constructive knowledge of a foreign object on the floor that caused her to fall. We do not agree, and we affirm the grant of summary judgment.

The evidence of record shows that Roberson visited the store to purchase milk and watermelon. After picking up the milk, she walked to the produce department looking for watermelon. She did not see it on display, but she observed a store employee emerging from the doors leading to the back room in the produce department. She was walking toward this employee when she slipped and fell. She testified on her deposition that this employee was not "close" to her and that he was closer to the doors than to her. According to Roberson, this employee came over to her after she fell, helped her up, and "reached down and scooped up some kind of substance" from the floor. She asked him what she had fallen on, and he told her it was "grapes." Roberson called the manager and told him that the employee said she had slipped on grapes; the manager told her he would put the incident "on record."

To demonstrate negligence in a foreign substance slip and fall case, a plaintiff must show that the defendant had knowledge, actual or constructive, of the substance and that she was without such knowledge. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (493 SE2d 403) (1997). Although *Robinson* has been cited by both parties, the focus in *Robinson* was on the second portion of this requirement: that the plaintiff had knowledge of the hazard or did not exercise ordinary care to discern it.

In this case, that is not an issue. Roberson was not looking at the floor when she fell, but Winn-Dixie does not insist that because she was looking straight ahead she did not exercise due care. Similarly, contrary to Roberson's argument, the "distraction" doctrine is not relevant because Winn-Dixie does not contend that Roberson had superior knowledge of the hazard.

The only issue in this case is whether Roberson established that Winn-Dixie had the requisite knowledge of the foreign substance to allow Roberson to show negligence on its part. Roberson does not attempt to show actual knowledge. Constructive knowledge may be

proved in two ways: by showing that an employee of the defendant was present in the immediate area and could easily have seen the substance and removed it; or by showing that the substance was on the floor for such a time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises. *Lovins v. Kroger Co.*, 236 Ga. App. 585, 586 (1) (b) (512 SE2d 2) (1999). Roberson maintains that Winn-Dixie's constructive knowledge was shown through her testimony that an employee was in the area and told her she slipped on a grape.

But Khalil Karim, who worked in the produce department at the time of the incident, testified on his deposition that he was the only produce department employee on duty at that time. He testified he had no conversation with Roberson, and he did not assist her in getting up off the floor.

Roberson testified on her deposition that the person who helped her was a "produce man." On appeal, she contends that this unidentified employee need not have been a produce department employee. But even if some other employee helped her, by Roberson's own admission that employee was not in the immediate area when she fell and therefore could not have seen and removed anything on the floor before she fell. Winn-Dixie's constructive knowledge therefore cannot be established through this employee. See *Lovins*, supra at 586 (1) (b) (i) (store employees could not easily have seen any foreign substance on floor); *Kitchens v. Restaurant Mgmt. Svcs.*, 192 Ga. App. 313, 314 (385 SE2d 11) (1989) (employees must be able to discover and remove hazard for plaintiff to establish constructive knowledge).

As to the second method of establishing the store's constructive knowledge, Roberson testified she had no idea how long the grape on which she allegedly slipped was on the floor. Karim testified that store policy required that the floor be inspected three times an hour to ensure that it was "clean, dry, and safe"; that a bell rang over the intercom system to remind employees to make these inspections; that making those inspections in the produce department was one of his duties; and that he had inspected the floor approximately fifteen minutes before Roberson fell and saw nothing on the floor. Under these circumstances, Winn-Dixie demonstrated its exercise of due care; Roberson was unable to counter that showing. *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133-134 (443 SE2d 876) (1994). Because Roberson was unable to establish either actual or constructive knowledge on the store's part, the trial court did not err in granting summary judgment in favor of Winn-Dixie.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 11, 2001 —
RECONSIDERATION DENIED FEBRUARY 6, 2001 —

*Van C. Wilks*, for appellant.
*Fain, Major, Wiley & Brennan, Gene A. Major, Darryl G. Haynes*, for appellee.