A04A0797. METTS v. WAL-MART STORES, INC.
(604 SE2d 235)

MILLER, Judge.

Connie Metts, a Wal-Mart customer, was injured when several boxes fell from a shelf at a Wal-Mart store and struck her on the nose and shoulder. Metts filed a personal injury lawsuit against Wal-Mart Stores, Inc. Wal-Mart moved for summary judgment, which was granted, and Metts appeals. After careful review, we hold that since Metts has failed to present any admissible evidence that a dangerous condition caused her injuries at the Wal-Mart, we must affirm.

On appeal from a grant or denial of summary judgment, we conduct a de novo review of the law and evidence. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). In applying the standard of review on a motion for summary judgment, this Court views the evidence in the light most favorable to the nonmovant to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Id. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The evidence in this case showed that Metts entered a Wal-Mart store to purchase three metal shelving units. She approached a

display rack of boxes that contained the metal shelving units. One box of metal shelving was on the floor. As Metts leaned over to examine the box that was on the floor, she was struck in the nose and left collarbone by an unknown number of boxes of metal shelving units that fell from the display rack. Metts did not know what caused the boxes to fall, nor did she see any employees in the area where she was hit by the boxes. There was no evidence that the boxes were leaning or precariously positioned prior to the incident. A Wal-Mart risk control team leader provided undisputed testimony that there had not been any prior incidents with merchandise falling off these shelves at the store. This team leader further inspected the shelves immediately following the accident and observed that the display shelves on which the boxes stood were stable and had appropriate protective fencing in place.

Two Wal-Mart employees helped Metts after the accident, including a manager who began removing the shelves from the display rack after stating "What are these doing up here like that[?]" Metts, however, could not give the name of this manager in her deposition, nor was she able to describe him in sufficient detail to indicate who he was. Metts suffered a broken nose (which required treatment through bone removal from behind her ear for use in her nose), severe back and neck pain, and headaches following the accident.

"Proof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor." (Citation omitted.) *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (491 SE2d 517) (1997). In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff and that caused the plaintiff's injuries. See id. at 315. Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff. See *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988).

Here, there was no evidence of the existence of a hazard of which Wal-Mart had superior knowledge. There is no evidence that the display rack was defective in design or construction. Additionally, there is no evidence that the boxes that hit Metts were stacked in a dangerous or hazardous manner. In fact, the employee in charge of maintaining the department where the boxes were located testified that she had restocked and inspected the area for hazards 15 minutes prior to the accident and had found none. The undisputed evidence reveals that the boxes were stacked properly and that the shelves on which they were placed contained no defect either before or after the accident.

We are unpersuaded by Metts's argument that "[t]he fact that the shelving units fell and injured [her] indicate that it is a question

of fact as to whether Wal-Mart employees negligently placed merchandise on the shelves. . . ." Again, the fact of an injury occurring, without more, is insufficient to establish liability on the part of Wal-Mart. *Sams,* supra, 228 Ga. App. at 316. The plaintiff must come forward with *evidence* that the proprietor had superior knowledge of a dangerous condition that was unknown to her that caused her injuries. Since Metts did not present proof of a dangerous condition on Wal-Mart's premises, Wal-Mart was entitled to summary judgment. Id.; see also *Cohen v. Target Corp.*, 256 Ga. App. 91, 92-93 (567 SE2d 733) (2002); *Belk Department Store &c. v. Cato*, 267 Ga. App. 793 (600 SE2d 786) (2004).[1]

Metts also claims that the manager's question "What are these doing up here like that" and his removal of the shelves from the display rack creates an issue of fact as to the existence of a dangerous condition. Metts was unable to provide a name for this manager, however, and her physical description of him was insufficient even to identify him as a Wal-Mart employee. The statement of this unknown manager was therefore hearsay and may not be considered. *Johnston,* supra, 187 Ga. App. at 271 (1) (claimed statement of unidentified employee that something was wrong with a door that injured plaintiff, and that "if the door wasn't fixed, someone was going to get hurt" was inadmissible hearsay with no probative value); accord *Hardee's Food Systems v. Green,* 232 Ga. App. 864, 866 (502 SE2d 738) (1998). The trial court properly granted summary judgment to Wal-Mart.

*Judgment affirmed Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 31, 2004.

*Harold J. Cronk,* for appellant.
*McLain & Merritt, Howard M. Lessinger, Albert J. Decusati, Brian E. Wiklendt,* for appellee.

---

[1] Metts's attempt to rely on the doctrine of res ipsa loquitur to support her claim is also without merit. Metts cannot show that Wal-Mart retained exclusive control over the falling boxes at the time of the accident, since other customers also had access to them. *Sams,* supra, 228 Ga. App. at 316 (plaintiff could not sustain negligence claim by invoking res ipsa loquitur where store did not have "exclusive control" over boxes within reach of other customers). Under these circumstances, Metts cannot utilize res ipsa loquitur to fill in the "evidentiary gap" in her negligence claim. Id.