A05A2096. GREEN v. HOME DEPOT U.S.A., INC. et al.
(627 SE2d 836)

MILLER, Judge.

Brent Green was injured at a Home Depot store when a box of light bulbs fell on his head. The box fell from the store's overhead shelving as Andres Francois pulled a larger box of light bulbs from the store's overhead shelving while working from the top of a ladder. Francois had been hired by the Buzy Bee Cleaning Service ("Buzy Bee") to clean and maintain the store's light and fan fixtures. Green filed a personal injury lawsuit against Home Depot U.S.A., Inc. ("Home Depot"), Karen L. Warner d/b/a Buzy Bee ("Warner"), and Francois (collectively, the "appellees"). Home Depot and Warner filed for summary judgment as to Green's negligence claims and, along

with Francois, moved for partial summary judgment as to Green's claims for intentional infliction of emotional distress and punitive damages.[1] The trial court granted summary judgment to Home Depot and Buzy Bee and partial summary judgment to Francois.

On appeal, Green challenges the grant of summary judgment for the appellees on each motion. Green, however, has not come forward with any evidence showing that Home Depot had superior knowledge that the falling box which struck him constituted a hazard. Neither has Green come forward with any evidence establishing a jury question as to Warner's status as an independent contractor. Green otherwise has failed to support his claims of error by citation of authority or reasoned argument. Under these circumstances, and further discerning no error, we affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Citations omitted.) *O'Connell v. Cora Bett Thomas Realty*, 254 Ga. App. 311 (563 SE2d 167) (2002); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the record shows that at approximately 5:00 p.m. on December 7, 2000, Green was shopping in a Home Depot store. He pushed a shopping cart down the aisle in which Francois was working from the top platform of an eight-to-ten-foot rolling ladder to bring down a large box of light bulbs from an overhead shelving unit. As Green moved around the ladder to its left, he was struck on the head by a box that fell from above and knocked him to the floor. Green was taken to the hospital, where he was diagnosed as suffering a concussion. By his affidavit, Green also testified that his front teeth had been chipped and cracked in the incident.

1. Negligence. (a) Green correctly argues that Home Depot cannot avoid liability for the acts and omissions of its independent

---

[1] No motion for summary judgment was filed as to Green's claim of negligence asserted against Francois. Such claim, therefore, remains pending in the trial court.

contractors where it has a duty imposed by statute — here the duty to exercise ordinary care to keep its premises and approaches safe for its customers as invitees. OCGA §§ 51-2-5 (4); 51-3-1; *Kroger Co. v. Strickland*, 248 Ga. App. 613, 614-615 (1) (a) (548 SE2d 375) (2001). "The true basis for liability [however] is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation and punctuation omitted.) *Kmart Corp. v. Morris*, 251 Ga. App. 753, 756 (2) (555 SE2d 106) (2001). "In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff and that caused the plaintiff's injuries." *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367 (604 SE2d 235) (2004); *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 315 (491 SE2d 517) (1997). "The dangerous condition must have been known to [Home Depot], the proprietor, and unknown to [Green], the invitee, before [Green] could recover. [Cit.]" Id.

Here, no evidence was presented that Home Depot had actual knowledge that any hazard existed. See *Cook v. The Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994) (no actual notice of manner in which plywood stacked). Absent actual knowledge of the purported hazard, Home Depot could only be liable upon evidence that it had constructive knowledge of the alleged danger. *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452-453 (411 SE2d 348) (1991). Nothing of record shows that any Home Depot employee was in the immediate vicinity and in a position to "easily notice[ ] the alleged danger." *Sams v. Wal-Mart Stores*, supra, 228 Ga. App. at 315. Nor was there any evidence of similar prior incidents that might have served to put Home Depot on constructive notice of the potential hazard. See id. There was no evidence that the box that struck Green was stacked precariously or that the store's shelving was defective. See *Metts v. Wal-Mart Stores*, supra, 269 Ga. App. at 367. The store manager provided undisputed testimony that his department managers inspected the store at the close of business daily for unsafe conditions visible from floor level, inclusive of "leaning" boxes on overhead shelves. See *Towles v. Cox*, 181 Ga. App. 194, 196 (1) (351 SE2d 718) (1986) ("Ordinary diligence does not require an inspection of property in the absence of any reason for the owner to believe that such an inspection is necessary.") (citations omitted). Green did not offer any evidence that the alleged dangerous condition had existed for any significant amount of time.

Under these circumstances, Home Depot had no duty to warn Green of any potential danger. *Potts v. UAP-GA AG CHEM*, 256 Ga. App. 153, 159 (4) (567 SE2d 316) (2002). An inspection for such hazard was not required. *Towles v. Cox*, supra, 181 Ga. App. at 196 (1); *Talton v. Perimeter Place Assoc.*, 214 Ga. App. 505, 507 (448 SE2d 241) (1994).

It follows that hazard-specific training or supervision was not required of Home Depot.

It was Green's burden to come forward with specific evidence that Home Depot's knowledge of the purported peril was superior. *Metts v. Wal-Mart Stores*, supra, 269 Ga. App. at 368. This he did not do by testimony or other evidence of record.[2] Consequently, Home Depot was entitled to summary judgment as a matter of law. *Lau's Corp. v. Haskins*, supra, 261 Ga. at 491; *O'Connell v. Cora Bett Thomas Realty*, supra, 254 Ga. App. at 314.

(b) Green contends that Warner was liable on his negligence claim, since she "was receiving compensation from Home Depot pursuant to a fraudulently obtained Sweetheart deal." Green alludes to Warner's failure to adequately train Francois which, if proven true, would establish a basis or theory of recovery well established in law. Warner, however, here affirmatively presented unrefuted evidence establishing her status as an independent contractor. A person who engages an independent contractor is generally not responsible for any torts committed by the independent contractor. OCGA §§ 51-2-4; 51-2-5; *Kraft Gen. Foods v. Maxwell*, 219 Ga. App. 211 (1) (a) (464 SE2d 639) (1995). Accordingly, summary judgment for Warner was proper in this case. *Lau's Corp. v. Haskins*, supra, 261 Ga. at 491; *O'Connell v. Cora Bett Thomas Realty*, supra, 254 Ga. App. at 314. Further, since Green does not support this claim of negligence against Warner by citation of authority or reasoned argument, he has abandoned it in any event. Court of Appeals Rule 25 (c) (2); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

2. Intentional Infliction of Emotional Distress/Punitive Damages. Green also fails to support his claims of intentional infliction of emotional distress and punitive damages by any citation of authority or argument. Under these circumstances, we deem Green's challenges to summary judgment for the appellees on these issues likewise to be abandoned. Court of Appeals Rule 25 (c) (2). We nonetheless point out that Green has not come forward with any evidence showing intentional or reckless conduct that was extreme or outrageous. Absent such evidence, a claim for intentional infliction of emotional distress cannot stand. See, e.g., *Potts v. UAP-GA AG CHEM*, supra, 256 Ga. App. at 157-158 (3). Whether the required level of extreme and outrageous conduct has been shown to sustain a claim for intentional infliction of emotional distress is a question of law.

---

[2] Green does not argue that the fact that the box fell, in and of itself, raises a jury question as to the negligence of Home Depot. Even if Green had argued negligence under such a res ipsa loquitur theory, the argument would fail in that there was ample evidence that the falling box was not within Home Depot's exclusive control at the time of the accident. See *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 623 (2) (385 SE2d 725) (1989).

*Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991). Since Green cannot recover on his underlying tort claims as a matter of law, there can be no punitive damages thereon. *SunTrust Bank v. Merritt*, 272 Ga. App. 485, 490 (3) (612 SE2d 818) (2005).

*Judgment affirmed. Smith P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 28, 2006 — 

*Millard C. Farmer, Jr.*, for appellant.

*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr., Evan R. Mermelstein*, for appellees.