A06A1103. ADAMCHICK et al. v. CRACKER BARREL OLD COUNTRY STORE, INC.

(637 SE2d 44)

MILLER, Judge.

Marie Adamchick fractured her hip at a restaurant owned by Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") when she slipped and fell in the ladies' restroom. Mrs. Adamchick and her husband, Joseph Adamchick, filed a lawsuit against Cracker Barrel for personal injury. Cracker Barrel thereafter moved for summary judgment, which the trial court granted. On appeal, the Adamchicks challenge the grant of summary judgment, but they have failed to come forward with any evidence showing that Cracker Barrel had superior knowledge of the alleged hazard. Thus discerning no error, we affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Citations omitted.) *O'Connell v. Cora Bett Thomas Realty*, 254 Ga. App. 311 (563 SE2d 167) (2002).

So viewed, the evidence showed that the Adamchicks went to breakfast at a Cracker Barrel restaurant on the morning of September 21, 2003. Mrs. Adamchick went to the ladies' restroom, where she slipped and fell upon entering one of the stalls. Two Cracker Barrel employees responded to her call for assistance and helped her into a chair. Once she was seated, Mrs. Adamchick noticed a wet spot near the location of her fall. Mary Gardner, Cracker Barrel's on-duty hostess at the time of the accident, testified that she inspected the restroom less than 15 minutes before Mrs. Adamchick's fall and found no foreign substance, water, or hazardous material on the floor.

To establish negligence in a foreign substance slip and fall case, as here, the "plaintiff must show that the defendant had knowledge, actual or constructive, of the substance and that [he or] she was without such knowledge. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (493 SE2d 403) (1997)." *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825 (544 SE2d 494) (2001). Only the first portion of the foregoing

requirement is at issue in this case. In such regard, "[p]roof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor." (Citation omitted.) *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (491 SE2d 517) (1997). Instead, "[t]he true basis for liability is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation and punctuation omitted.) *Kmart Corp. v. Morris*, 251 Ga. App. 753, 756 (2) (555 SE2d 106) (2001). "In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff and that caused the plaintiff's injuries. [Cit.]" *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367 (604 SE2d 235) (2004); *Sams*, supra, 228 Ga. App. at 315. "The dangerous condition must have been known to [Cracker Barrel], the proprietor, and unknown to [Mrs. Adamchick], the invitee, before [Mrs. Adamchick] could recover. [Cit.]" Id.

Here, it is undisputed that Cracker Barrel had no actual knowledge that any hazard existed. Having no actual knowledge of the alleged hazard, Cracker Barrel is subject to liability only upon evidence that it had constructive knowledge of the purported danger. *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452-453 (411 SE2d 348) (1991). Mary Gardner's inspection of the restroom, approximately 15 minutes before Mrs. Adamchick fell and in compliance with Cracker Barrel's policy that its restrooms be inspected every half hour, demonstrated Cracker Barrel's exercise of due care. *Roberson*, supra, 247 Ga. App. at 826. Nothing of record shows that any Cracker Barrel employee was in the immediate vicinity and in a position to "easily notice[ ] the alleged danger." *Sams*, supra, 228 Ga. App. at 315. There also was no evidence of similar prior incidents in the restroom that might have served to put Cracker Barrel on constructive notice of the potential hazard. See id.

It was the Adamchicks' duty to come forward with specific evidence that Cracker Barrel's knowledge of the alleged peril was superior. *Metts*, supra, 269 Ga. App. at 368. This they failed to do. Consequently, Cracker Barrel was entitled to summary judgment as a matter of law. *O'Connell*, supra, 254 Ga. App. at 314.

*Judgment affirmed. Johnson, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 6, 2006 —
RECONSIDERATION DENIED SEPTEMBER 27, 2006.

*Reynolds & McArthur, W. Carl Reynolds, Katherine L. McArthur, Bradley J. Survant,* for appellees.
*Wallace & Scott, Henry P. Scott,* for appellee.