[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11456
Non-Argument Calendar
_____

D. C. Docket No. 05-00887-CV-TCB-1

JACQUELINE GOOTEE,

Plaintiff-Appellant,

versus

THE TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 6, 2007)**

Before ANDERSON, BARKETT and HILL, Circuit Judges.

PER CURIAM:

Jacqueline Gootee sued Target Corporation, asserting a personal injury

claim against it for damages she allegedly sustained in connection with her removal of a breadmaker from the retailer's shelf and the subsequent falling from another shelf of several crock pots. The district court granted summary judgment to the defendant, holding that Georgia law does not permit recovery for such an injury absent proof that the defendant had actual or constructive knowledge of the allegedly defective shelf. We review this judgment *de novo,* viewing the evidence in the light most favorable to the non-moving party. *Brooks v. County Commission*, 446 F.3d 1160 (11th Cir. 2006).

Gootee's claim is predicated upon a theory of premises liability, alleging that Target's negligence was the proximate cause of her injuries. Under Georgia law, which applies in this diversity action, an owner of real property owes a duty to all of its invitees to exercise ordinary care in keeping its premises safe. O.C.G.A. § 51-3-1. Nevertheless, not all injuries subject the owner of the property to liability. To recover under Georgia law, Gootee must be able to prove that the defendant had superior knowledge of the allegedly perilous display of cookware and that the dangerous condition must have been known to Target and unknown to her. *See Sams v. Wal-Mart Stores, Inc.*, 491 S.E.2d 517, 518 (Ga. App. 1997). Like the plaintiff in *Sams*, Gootee has made no showing that Target was actually aware of the allegedly defective manner in which the cookware had been stacked. *Id.*

2

Therefore, Target could be liable only if it had constructive knowledge of the alleged danger. *Id.*

There is no evidence in the record from which to conclude that Target had such constructive knowledge. Constructive knowledge requires proof that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. *Thompson v. Regency Mall Assocs.*, 432 S.E.2d 230, 232 (Ga. App. 1993). Alternatively, constructive knowledge may be inferred from evidence showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under this approach requires proof of the length of time the dangerous condition was allowed to exist. *Id.*

There is no evidence in this record from which to conclude that Gootee can make either of these showings. She presented no evidence that a Target employee was in the immediate vicinity at the time of the incident, in a position to see and remove the danger. Nor did she offer evidence that the alleged hazard had existed for any significant amount of time prior to the incident. Nor is there any evidence of prior incidents that might have put Target on notice of the hazard. Finally, Target submitted evidence that all of its employees are trained to patrol the aisles and check for unsafe conditions and that one of its employees had walked through

3

the aisle where the incident occurred shortly before and did not observe anything out of the ordinary.[1] Since Gootee bears the burden of coming forward with specific evidence that Target's knowledge of the alleged hazard was superior to hers and she has failed to do so, Target is entitled to summary judgment. *See Sams*, 491 S.E.2d at 519; *Green v. Home Depot U.S.A., Inc.*, 627 S.E.2d 836, 838-39 (2006).

Accordingly, the judgment of the district court is

**AFFIRMED.**

---

[1]The doctrine of *res ipsa loquitor* is inapplicable in this case because there was an intermediate cause that produced the injury, namely, Gootee's pulling the bread maker off the shelf. Consequently, negligence cannot be presumed and is a matter of affirmative proof. *See Sams*, 491 S.E.2d at 519.