A10A0121. BROWN v. HOST/TACO JOINT VENTURE.
(699 SE2d 439)

BERNES, Judge.

David R. Brown filed suit against Host/Taco Joint Venture to recover for injuries that he sustained when he slipped and fell on a grease spot while dining in Host's restaurant. Host filed a motion for summary judgment, which the trial court granted. Brown appeals, contending that the trial court's entry of summary judgment in favor of Host was improper since genuine issues of material fact remain for jury consideration as to whether Host had actual or constructive knowledge of the grease spot hazard that caused his fall. We disagree and affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evi-

---

[23] See, e.g., *Bashlor v. Walker*, 303 Ga. App. 478, 483 (2) (693 SE2d 858) (2010).

dence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Citation omitted.) *Food Lion, LLC v. Walker*, 290 Ga. App. 574 (660 SE2d 426) (2008).

So viewed, the record evidence shows that on or about February 11, 2006, Brown visited Host's restaurant to dine with several of his companions. After being seated, Brown's cell phone rang, and he left the table to answer the call. As Brown walked down a hallway away from his table, he slipped and fell on a grease spot that was on the floor. Brown claimed that he did not see the grease spot until after his fall.

The restaurant's on-duty manager responded to the site of the fall. The manager attested that part of her responsibilities included inspecting the restaurant's premises. She stated that the restaurant's inspection policy required her, the bussers, and servers to continuously inspect the floors and to look for any potential hazards or foreign substances. If a potential hazard was observed, the policy required that it be cleaned immediately. If the potential hazard required mopping of the floor, the manager was required to stand at the location of the hazard until a "wet floor" sign was placed in the area and the hazard was mopped and removed. The manager further attested that in accordance with this policy, she had inspected the floors of the dining area every 15 minutes. She stated that she had inspected the area where Brown fell approximately 15 minutes prior to Brown's fall and that the floor had been clean and dry at that time.

[I]n order to recover for injuries sustained in a slip-and-fall action, [a plaintiff] must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. . . . [T]he fundamental basis for [a defendant's] liability [is] that party's superior knowledge of the hazard encountered by the plaintiff.

(Citations, punctuation and footnotes omitted.) *Hardee's Food Systems v. Green*, 232 Ga. App. 864 (502 SE2d 738) (1998). See also *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997); *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327)

(1980). Brown does not dispute that Host lacked actual knowledge of the alleged grease spot hazard. Accordingly, the viability of Brown's claim depends upon whether there was evidence that Host had constructive knowledge of the hazard.

To establish constructive knowledge, Brown was required to show either that (1) a restaurant employee was in the immediate area of the hazard and could have easily seen the substance or (2) the alleged hazard remained on the floor long enough that ordinary diligence by the restaurant employees should have discovered it. See *Food Lion, LLC*, 290 Ga. App. at 576 (1). Brown failed to present any evidence showing that Host had constructive knowledge of the hazard in this case.

In opposition to Host's motion for summary judgment, Brown provided an affidavit asserting that prior to his fall, he had observed restaurant employees walk through the hallway and directly over the place where he fell. "But showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." (Punctuation and footnote omitted.) *Hardee's Food Systems*, 232 Ga. App. at 866-867 (2) (a). Significantly, Brown failed to provide any evidence that the grease spot was present on the floor when the employees passed through the area and that the grease spot could have easily been seen by the employees. In his appellate brief, Brown acknowledges that "the grease spot . . . was not initially 'easily visible.' " At his deposition, Brown testified that he did not know the size of the grease spot and that the grease spot was not obvious until after he had fallen.[1] Accordingly, there is no evidence establishing that the grease spot was of a size or nature that would have made it easily visible. Brown's claim that the grease spot could be seen after his fall fails to address the pertinent inquiry as to whether the grease spot was easily visible *before* the fall. See *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 351 (496 SE2d 471) (1998) (the pertinent inquiry as to constructive knowledge is whether "the defendant had an employee in the immediate area of the hazard who could have easily seen and removed the hazard *before* the plaintiff's fall") (emphasis supplied). See also *Stout v. Restaurant Concepts*, 227 Ga. App. 41,

---

[1] We note that Brown's notice of appeal failed to designate his deposition transcript for inclusion in the record and expressly provided that no transcripts would be filed for the appeal. Accordingly, our review of Brown's deposition testimony has been limited to the excerpts that Host submitted in support of its summary judgment motion. Although Brown cites to other portions of his deposition testimony, those portions have not been included in the appellate record. To the extent that the proof necessary for determination of the issues on appeal has been omitted from the record, we must assume that the judgment below was correct and affirm. See *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).

42-43 (2) (487 SE2d 636) (1997). In light of Brown's admission that the grease spot on the floor was not easily visible to him prior to the fall, he has not established that Host's employees could have easily seen and removed it. See *Hardee's Food Systems*, 232 Ga. App. at 866-867 (2) (a); *Haskins*, 230 Ga. App. at 351-352. Compare *Food Lion, LLC*, 290 Ga. App. at 577 (2); *Somers v. M.A.U., Inc.*, 289 Ga. App. 731, 733 (658 SE2d 242) (2008).

Likewise, Brown failed to present any evidence to show how long the grease spot had been on the floor or that the grease spot had remained on the floor long enough that upon the exercise of ordinary diligence, the restaurant employees should have discovered it and removed it.

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.

(Citation omitted.) *Food Lion, LLC*, 290 Ga. App. at 576 (1). Here, the affidavit of Host's on-duty manager described the requirements imposed by the restaurant's inspection policy.[2] The manager attested that she had inspected the floor of the dining area every 15 minutes in accordance with that policy. She further stated that she had inspected the area where Brown fell 15 minutes prior to his fall and the floor was clean and dry at that time. This evidence established that Host had a reasonable inspection policy in place and that the policy was followed at the time of the fall incident.

Brown failed to present any contrary evidence indicating that Host's inspection policy was unreasonable or that Host's employees were negligent in their inspections. "The mere existence of a dangerous condition does not render the proprietor liable, for the

---

[2] Brown argues that Host's discovery responses indicated that the restaurant had a written inspection policy and had made an inspection report of the incident, but that neither of these materials was produced. In its discovery responses, Host indicated that it would not produce its written inspection policy absent the entry of a mutually agreeable confidentiality agreement. Host claims that Brown did not provide a confidentiality agreement or take any action to follow up on the issue. Host's discovery responses also explained that it had been unable to locate the alleged written inspection report of the incident. Regardless, the manager's affidavit adequately set forth the inspection policy and compliance with the policy. No corroboration of the manager's attestations was necessary to establish the facts set forth in the affidavit. See *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 315 (601 SE2d 712) (2004) (manager's testimony describing the inspection was adequate to show the exercise of ordinary care and no corroboration of the testimony was necessary).

proprietor is not a guarantor of the invitee's safety." *Moore v. Food Assoc.*, 210 Ga. App. 780, 782 (437 SE2d 832) (1993). Although a proprietor has a duty to inspect the premises to discover possible dangerous conditions and to take reasonable precautions to protect the invitee from foreseeable dangers on the premises, "it is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." (Citation and punctuation omitted.) *Johnson v. Autozone, Inc.*, 219 Ga. App. 390, 392 (465 SE2d 463) (1995). See also *Alterman Foods*, 246 Ga. at 622. There was no evidence that Host's restaurant premises was unreasonably dangerous.

"[I]n cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law." (Citations and punctuation omitted.) *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 314 (601 SE2d 712) (2004). Under circumstances similar to those presented here, we have held that inspections conducted within 15 minutes prior to the plaintiff's fall were reasonable. See *Adamchick v. Cracker Barrel Old Country Store*, 281 Ga. App. 677, 678 (637 SE2d 44) (2006); *Bolton v. Wal-Mart Stores*, 257 Ga. App. 198, 199 (570 SE2d 643) (2002); *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825, 826 (544 SE2d 494) (2001); *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 225-226 (460 SE2d 838) (1995); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133-134 (443 SE2d 876) (1994); *Moore*, 210 Ga. App. at 781.

Host's evidence that the manager inspected the area within 15 minutes prior to Brown's fall and the grease spot was not present demonstrated that Host had exercised due care in inspecting the premises and did not have constructive knowledge of the hazard. See *Adamchick*, 281 Ga. App. at 678; *Roberson*, 247 Ga. App. at 826; *Daniel*, 218 Ga. App. at 225-226; *Super Discount Markets*, 213 Ga. App. at 133-134; *Moore*, 210 Ga. App. at 781.

Brown nevertheless claims that summary judgment was precluded since he had impeached the manager's testimony with her allegedly conflicting statements as to her observation of the grease spot. In this regard, the affidavit of Host's manager referred to at least two inspections of the area where Brown fell — an inspection had been performed 15 minutes prior to the fall and another inspection was performed immediately after the fall. Host's manager stated that she did not see the grease spot in either of her inspections. Brown's affidavit, in contrast, asserted that he had spoken to the manager after the fall and she had informed him that "when she inspected the area where [he] fell, she saw the grease or oil spot." Significantly, however, Brown's assertion regarding the manager's alleged statement to him did not specify which inspection was being

referenced. As such, Brown's assertion did not directly contradict the manager's attestation that the grease spot was not observed during the relevant *prior* inspection. Although Brown's ambiguous assertion presented circumstantial evidence from which an inference could be drawn that the manager's statement referred to the prior inspection, it did not demand such a finding.

"In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citation omitted.) *McElroy v. Cody*, 210 Ga. App. 201, 202 (435 SE2d 618) (1993). See also *Jones v. Baran Co.*, 290 Ga. App. 578, 580 (1) (660 SE2d 420) (2008); *Rosales v. Davis*, 260 Ga. App. 709, 712 (2) (580 SE2d 662) (2003). Here, Host's manager provided direct positive testimony that she did not observe the grease spot during her inspection prior to the fall. Brown's circumstantial evidence can be construed consistently with the manager's direct evidence that she had not observed the grease spot in her prior inspection. Whether the grease spot was later observed in a subsequent inspection of the area was not material to the facts in question; rather, the dispositive issue was whether the grease spot was on the floor at the time of the prior inspection. Because Brown's circumstantial evidence did not specifically relate to the prior inspection, it was insufficient to contradict the manager's direct positive evidence regarding the relevant prior inspection. See, e.g., *Rosales*, 260 Ga. App. at 712 (2); *McElroy*, 210 Ga. App. at 202. It thus follows that Brown's claim did not present a genuine issue for the jury's determination.

Furthermore, Brown's claim that Host's manager apologized, indicated that the grease spot would be cleaned immediately, and offered to pay his medical expenses after the fall did not show that Host's manager had admitted to the restaurant's liability. "[A]ctivity constituting a voluntary offer of assistance made on the impulse of benevolence or sympathy should not be considered as an admission of liability." (Citations and punctuation omitted.) *Neubert v. Vigh*, 218 Ga. App. 693, 694 (462 SE2d 808) (1995). See also *Steverson v. Eason*, 194 Ga. App. 273, 273-274 (3) (390 SE2d 424) (1990).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 15, 2010.

*Jack F. Witcher, Daniel B. Greenfield*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Lindsay M. Gatling,* for appellee.