**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 17, 2018**

# In the Court of Appeals of Georgia

A18A0822. ESCOBAR v. MEADOWS AND OHLY, LLC et al.

BETHEL, Judge.

Magdalena Escobar appeals the trial court's grant of summary judgment in favor of Northeast Georgia Health System, Inc. d/b/a River Place Medical Office Plaza I, LLC and Meadows and Ohly, LLC (the Medical Office Defendants). Escobar argues that the trial court should have found a dispute of material fact and denied the Medical Office Defendants' motion for summary judgment. We disagree and affirm.

> The standards applicable to motions for summary judgment are announced in _Lau's Corp. v. Haskins_, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. Further, this court conducts a de novo review of the law and the evidence.

*Bruscato v. Gwinnett-Rockdale-Newton Cmty. Serv. Bd.*, 290 Ga. App. 638, 638-639 (660 SE2d 440) (2008) (citation omitted).

So viewed, the evidence shows that while walking near a desk inside the lobby of River Place Medical Office Plaza, Escobar felt something grab her right pant leg, causing her to lose her balance and fall. While on the ground, she saw a wheelchair sitting at an angle next to the desk close to the right side of her body. Another woman walking off an elevator moments before the fall went over and helped Escobar off the ground. While this woman assisted Escobar, the desk attendant walked back and noticed a wheelchair sitting two or three feet away from the desk. However, the attendant later testified this wheelchair was not there before he left the desk to assist another visitor, and he assumed it was placed there by another patient or family member. Escobar later filed suit against the Medical Office Defendants for negligence. The Medical Office Defendants moved for summary judgment, arguing that Escobar failed to present affirmative evidence that she had tripped over the wheelchair or that the Medical Office Defendants had superior knowledge of that danger. The trial court agreed and granted the motion. This appeal followed.

Pursuant to OCGA § 51-3-1, an owner or occupier of land who invites "others to come upon his premises for any lawful purpose, . . . is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." *Ingles Mkts., Inc. v. Rhodes*, 340 Ga. App. 769, 770 (798 SE2d 340) (2017) (physical precedent only). "[T]he true basis for liability is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." *Adamchick v. Cracker Barrel Old Country Store, Inc.*, 281 Ga. App. 677, 678 (637 SE2d 44) (2006) (citation and punctuation omitted). Accordingly, to prevail in a slip and fall case, a plaintiff must show that the defendant had actual or constructive knowledge of the injury-causing hazard, and "that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Pye v. Reagin*, 262 Ga. App. 490, 491 (586 SE2d 5) (2003) (citation omitted). Constructive knowledge of a hazard may be established by "showing that an employee of the defendant was present in the immediate area and could easily have seen the [hazard] and removed it[,]" or by showing that the hazard was on the premises "for such a time that it would have been discovered and removed, had the

3

proprietor exercised reasonable care in inspecting the premises." *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825, 826 (544 SE2d 494) (2001) (citation omitted).

Here, Escobar failed to point to any evidence that the Medical Office Defendants had actual or constructive knowledge of the injury-causing hazard — that is, the wheelchair that was next to the desk. Escobar testified that she did not initially see a wheelchair next to the desk and was not sure what had caught her leg and caused her to fall. Rather, she later assumed that she had tripped over the wheelchair. Additionally, the desk attendant testified that the wheelchair was not present beside the lobby desk when he left Escobar standing there a few moments before she fell. Escobar did not point to any evidence contradicting the desk attendant's testimony. Moreover, surveillance video shows a man returning an empty wheelchair to that same area (out of frame) just moments before a woman getting off the elevator notices that Escobar has fallen. Thus, because Escobar cannot prove that the Medical Office Defendants had actual or constructive knowledge of the hazard which caused Escobar to fall, or that the hazard had been present for any notable length of time, the judgment of the trial court must be affirmed. *See Barbour-Amir v. Comcast of Georgia/Virginia, Inc.*, 332 Ga. App. 279, 283-284 (2) (772 SE2d 231) (2015);

4

*Barich v. Cracker Barrel Old Country Store, Inc.*, 244 Ga. App. 550, 553 (2) (536 SE2d 221) (2000).

*Judgment affirmed. Ellington, P. J., and Gobeil, J., concur.*